**CROMLEY v. SPEICH.**

No. 3874.

District Court, M. D. Pennsylvania.

July 20, 1937.

Miller A. Johnson, of Lewisburg, Pa., and Donald M. Johnson, of Scranton, Pa., for plaintiff.

Richard Henry Klein, of Sunbury, Pa., for defendant.

WATSON, District Judge.

The plaintiff, Mary I. Cromley, sued the defendant, Allen F. Speich, to recover damages which she claimed to be due her and her six children because of alleged negligence of the defendant, which resulted in the death of her husband, William Cromley. The trial resulted in a verdict for the plaintiff in the sum of $18,193. The defendant moved for a new trial, and that motion is now before the court for disposition.

William Cromley, while walking on the highway leading from Milton, Pa., to Lewisburg, Pa., at about 5:45 o'clock on the evening of January 15, 1937, was struck by an automobile driven by the defendant. Cromley was walking in the same direction as the defendant's automobile was traveling, to the right of the center of the highway. The testimony was conflicting as to whether he was on the cement portion of the road or on the berm. The evening was dark, a mist or fog rendered visibility poor, and there was slush on the highway.

The defendant's automobile was at the time traveling at the rate of about thirty to thirty-five miles per hour, and defendant did not see Cromley until he was within about eight feet of him, when he applied his brakes, and his car skidded to the right. Cromley was struck by the front portion of defendant's automobile, and sustained severe injuries from which he died the following morning.

■ Upon the record I am satisfied that the plaintiff was entitled to a verdict of the jury. The speed at which the defendant was admittedly traveling was clearly negligence. There was no evidence of contributory negligence on the part of the deceased. In my opinion there was no error committed at the trial in the admission or rejection of evidence or in the charge of the court. The only substantial question raised by defendant's motion for a new trial is whether the verdict was excessive.

The deceased is survived by his wife and six children, all of whom were dependent upon him for support. The age of the oldest child was fifteen years, and the age of the youngest was four years. The deceased was fifty-four years and eleven months of age at the time of his death. He was a carpenter by trade, and was working at his trade at the time of the accident. The plaintiff testified that she saw his pay checks every week, and that they averaged between $25 and $30. His last pay check was in the sum of $26. The average hourly rate of wages for carpenters in the vicinity was 50 cents an hour. The deceased was the sole support of his family. He purchased the household necessities and gave his wife small amounts of cash for the use of herself and the children.

The decedent's health prior to the accident was good. According to the American Experience Tables of Mortality, which were in evidence, a man fifty-five years of age has a life expectancy of 17.4 years. Hospital and funeral expenses amounted to $183.

■ The amount of damages which members of the family are entitled to recover for the death of a husband and father is dependent on the pecuniary loss suffered by those who seek recovery. Pecuniary loss is the destruction of a reasonable expectation of pecuniary advantage from the deceased. It is not a matter of guess or conjecture, but must be based upon facts showing the contributions which the deceased made during his lifetime and facts upon which the jury can base an estimate of the probable contributions which he would have made for the balance of his natural life. Gaydos v. Domabyl, 301 Pa. 523, 152 A. 549. After arriving at an estimate of the sum of the contribution which might reasonably have been expected, this amount should be reduced to its present value. In determining how long a deceased might reasonably have been expected to live, the jury may take into consideration the deceased's age, his health, the hazards of his work, and his habits of life. In determining the amount which the deceased might reasonably have been expected to contribute to the support of his family, the jury should consider his past earnings which went to the support of his family, the nature of his work, and the probable decrease in his earning capacity as the years go on. Glasco v. Green, 273 Pa. 353, 117 A. 79.

■■ In the present case, I am driven to the conclusion that the jury's verdict was arrived at without a proper application of the above principles. Viewing the testimony in the light most favorable to the plaintiff, the most the deceased might reasonably have been expected to contribute to his family was about $20 a week, or $1,040 a year. His life expectancy was 17.4 years. $18,193, the amount of the verdict in this case, invested at 6 per cent., would produce an income in excess of deceased's contribution to his family without disturbing the principal. Such a verdict is clearly excessive.

I have examined the verdicts in a great many similar cases in the federal and the Pennsylvania courts, and I have carefully considered every element of damage in this case. Under all the circumstances, I have concluded that I would not have disturbed a verdict for $11,500, and, if plaintiff will file a remittitur within thirty days reducing the verdict to the sum mentioned, I will enter judgment for that amount. Otherwise, I shall be obliged to set aside the verdict and grant a new trial.