## SPEICH v. CROMLEY.

### No. 6555.

Circuit Court of Appeals, Third Circuit.

Jan. 14, 1938.

Richard Henry Klein, of Sunbury, Pa., for appellant.

Miller Alanson Johnson, of Lewisburg, Pa., and Donald M. Johnson, of Scranton, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

There is a helpful classification of facts into evidentiary and ultimate facts. This is a negligence case. Negligence is an ultimate fact finding. A main difficulty in reviewing the trial of such cases is that the evidentiary facts are so many that the discussion of them becomes almost interminable.

Counsel for the defendant below has summarized the points of his argument on appeal into four. This summary we will follow.

I. "There was No Proof of Defendant's Negligence."

The choice of the word "proof" instead of the word "evidence" was doubtless advisedly made and is significant. The choice indicates that, in the view of counsel, the jury was wrong in the ultimate finding of negligence. There is not, nor could there be, any denial of there being evidence from which negligence was found. The many pages of the paper books devoted to the discussion of the evidence argues that there was evidence to discuss. The weight of it was for the jury. Without quoting the evidence before the jury, there was evidence of negligence warranting the finding.

II. "The Evidence Showed the Deceased was Guilty of Contributory Negligence."

This was likewise an inferred fact to be found by the jury. There is no pretense that the court should have found the deceased to have been guilty of negligence. The trial judge affirmed the defendant's sixth point. He refused, and properly so, to include a part of it which was nothing more than the argument of counsel.

III. "There was no Competent Evidence of Plaintiff's Damages."

The deceased was a carpenter whose earned wages were 50 cents per hour. There was evidence, and the fact was not in real controversy, that he received at least as much as $26 a week. The plaintiffs were his widow and six minor children. He contributed to their support by providing food, clothing, rent, and giving to his wife for incidentals $5 per week in cash. He had an expectation of life of nearly 18 years.

There was evidence from which the money loss of the plaintiffs could be found.

## IV. "The Verdict was Excessive."

The charge of the court was emphatically an impartial one. There is in this respect no fault found with it. On the motion for a new trial the court reduced the verdict. We have therefore not merely the finding of the jury but that of the trial judge. There would be no justification for an interference with the judgment on this ground.

The assignments of error are overruled, and the judgment appealed from is affirmed, with costs.