Commonwealth of Pennsylvania, William J. Sheppard, Insurance Commissioner, *v.* Old Republic Life Insurance Company, Appellant.

Argued September 11, 1975, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Robert J. Demer,* with him *Thomas R. Balaban,* and *Shaffer, Calkins & Balaban,* for appellant.

*Paul F. Donohue,* Assistant Attorney General, with him *Andrew F. Giffin,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, October 16, 1975:

This case is before us on appeal by Old Republic Life Insurance Company (appellant) from a decision of the Insurance Commissioner of Pennsylvania (Commissioner), imposing a $2,600.00 fine on appellant for its failure to obtain approval for, and its use of, certain insurance forms. We modify the amount of the penalty but otherwise sustain the Commissioner.

Appellant, a foreign stock life insurance company authorized to do business in Pennsylvania, deals largely in group life and group accident and health policies. Certain of its policyholders under creditors group insurance contracts are lending institutions having branch offices located throughout the Commonwealth. In February and May, 1974, Insurance Department investigators obtained from the files of these offices copies of two sets of multi-carboned documents bearing the logo of appellant and titled, "INSURANCE OPTION." With one set of forms, debtors of the lending institutions obtained credit life insurance under the group policies between appellant and the institutions by signing the document after the phrase, "I hereby request LIFE INSURANCE." With the other set, debtors similarly obtained credit life and/or disability insurance.

In a citation issued to appellant on June 19, 1974, the Insurance Department alleged that these documents were "applications for insurance" not on a form approved

by the Commissioner, and that their use thus violated Section 354 of the Insurance Company Law of 1921 (Act of 1921), Act of May 17, 1921, P. L. 682, *as amended*, 40 P. S. §477b, and Section 7 of the Model Act for the Regulation of Credit Life Insurance and Credit Accident and Health Insurance (Model Act), Act of September 2, 1961, P.L. 1232, *as amended*, 40 P. S. §1007.7.[1] Following a hearing, the Commissioner, in an adjudication and order dated January 7, 1975, found appellant in violation of the above provisions and ordered it to cease and desist the use of such forms until they were filed and approved, and to pay a penalty of $2,600.00.

Appellant appeals to this Court on three grounds: (1) that the forms in dispute are not "applications for insurance," and thus do not require approval by the Commissioner; (2) that it has not "used" such forms; and (3) that the decision of the Commissioner, finding the forms to be "applications for insurance," is not supported by substantial evidence. We reject all three contentions.

Regarding its first ground, appellant argues that the forms in controversy are not "applications for insurance" because they are not offers or proposals to enter into a contract of insurance which appellant can accept or reject. Rather, appellant suggests that the documents

---

1. Section 354 of the Act of 1921, 40 P.S. §477b, provides:

"It shall be unlawful for any insurance company, . . . doing business in the Commonwealth, to issue, sell, or dispose of any policy . . . covering life, health, accident . . . insurance, or use applications . . . in connection therewith, until the forms of the same have been submitted to and formally approved by the Insurance Commissioner, and copies filed with the Insurance Department. . . ."

Section 7 of the Model Act, 40 P.S. §1007.7, provides:

"(a) All . . . applications for insurance . . . delivered or issued for delivery in this State . . . shall be filed with the commissioner for approval."

are in the nature of an acceptance to an offer, since appellant, under its group policy contracts with the lending institutions, is required to insure all debtors of those institutions who elect coverage.

We cannot accept appellant's narrow contract interpretations approach. The purpose of the Act of 1921, in general, and the Model Act, in particular, is to protect debtors from insurer and creditor abuse regarding insurance related to credit transactions. *See* Schuchman, *Consumer Credit By Adhesion Contracts II*, 35 Temp. L. Q. 281, 301-09 (1962). To accept appellant's position would remove from Commissioner review the only document by which debtors, under the present circumstances, can obtain coverage pursuant to the group policies. Appellant would consequently have the ability, by contracting away its power of rejection under a group policy with a creditor, to define what forms are to be "applications for insurance" subject to approval by the Commissioner. This would be contrary to the purpose of the Act of 1921 and the Model Act.

Since the insurance laws of the Commonwealth are to be liberally construed to effect their purpose, Statutory Construction Act of 1972, 1 Pa. C.S. §1928, we hold that any intent of a debtor to obtain credit insurance, regardless if such intent manifests itself technically as a contract offer or acceptance, is an "application for insurance" under Section 354 of the Act of 1921, and Section 7 of the Model Act. Accordingly, the forms in question are "applications for insurance."

Further support for this conclusion is found in Section 412 of the Act of 1921, 40 P. S. §512, which prohibits the delivery of a life insurance policy in the Commonwealth without written application of the insured, except in two situations not relevant here.[2] Since a review of

---

2. Section 412 of the Act of 1921, 40 P. S. §512, provides:

"No policy of life insurance shall be delivered in this Commonwealth *except upon the application of the person in-*

the record fails to reveal any writing, other than the disputed forms, by which a debtor has acquired life insurance, such documents, assuming compliance with the law, must be regarded as "applications for insurance."

In its second argument, appellant maintains that the forms are not part of its records nor have been used as a basis to extend coverage to a debtor. Appellant, therefore, concludes that it has not "used" the documents in violation of the Act of 1921 and the Model Act.

A review of the record, however, sustains a contrary conclusion. One sheet of the multi-carboned forms, entitled "ORIGINAL REGISTER (To be sent to Old Republic)," had been transmitted to appellant by the lending institutions when a debtor elected coverage. Furthermore, the documents were the exclusive methods by which coverage was extended to debtors. Indeed, both sets of forms contained the caveat, "No credit insurance is provided unless the borrower signs . . . below."

Concerning its third ground, appellant asserts that the Commissioner, in finding the forms to be "applications for insurance," preferred the testimony of an Insurance Department employee to that of appellant's witness. The employee, whose duties required her to review forms for their acceptability under the Model Act, had no formal

---

*sured.* A person liable for the support of a child may take out a policy of insurance on such child; and persons, copartnerships, associations, and corporations may insure the lives and health of officers, directors, principals, partners, and employees, *without the signing of a personal application as hereinbefore required.*" (Emphasis added.)

Raised at oral argument and in Schuchman, *Consumer Credit By Adhesion Contracts II, supra,* there seems to be some question concerning who is the "insured" under credit insurance, the debtor or the creditor. The Model Act, however, makes it clear that the debtor is the "insured" and the creditor the "beneficiary." *Compare* Section 2(b) (1) (2), 40 P.S. §1007.2(b) (1) (2), *with* Section 6(b), 40 P.S. §1007.6(b).

legal training, whereas appellant's witness headed its legal department. In essence, appellant contends that the testimony of its witness is entitled to greater weight and credibility. However, weight and credibility, absent capricious disregard of competent evidence, are better judged by the fact finder—here, the Commissioner—not by this Court. *E.g., Pomeroy's Inc. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 270, 325 A. 349 (1974). Since we believe the Commissioner did not disregard competent evidence, we hold his conclusion that the forms were "applications for insurance" supported by substantial evidence.

However, we cannot uphold the Commissioner's assessment of the $2,600.00 penalty. It is within the power of this Court to determine whether the Commissioner has abused his discretion in imposing monetary penalties for violations of the Act of 1921. *Wallace v. Insurance Department,* 9 Pa. Commonwealth Ct. 567, 308 A.2d 162 (1973). Under Section 354 of the Act of 1921, 40 P. S. §477b, the Commissioner has broad discretion to impose, *inter alia,* fines not in excess of $1,000.00 for each violation of the Act. We find little evidence in the record to support the amount of the penalty and thus hold the Commissioner abused his discretion.

The record demonstrates that although the unapproved forms were employed on many occasions, their use does not appear to have worked any prejudice to the debtors who signed them. Since the violated insurance statutes are intended to protect those very debtors, *see* Schuchman, *Consumer Credit By Adhesion Contracts II, supra,* the amount of the penalty, consequently, is unnecessary to vindicate the enactments.

This appeal, pursuant to Section 354 of the Act of 1921, 40 P. S. §477b, and Section 13 of the Model Act, 40 P.S. §1007.13, is governed by the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, *as amended,* 71 P. S. §1710.1 et seq. Since Section 44 of that Act, 71

P.S. §1710.44, permits this Court to modify adjudications by the Commissioner, we, accordingly, enter the following

ORDER

Now, October 16, 1975, it is ordered that paragraph designated "1" of the order of the Insurance Commissioner of Pennsylvania, dated January 7, 1975, Insurance Department Docket Number P74-6-1, be and is hereby modified to reduce the amount of the penalty to be paid by Old Republic Life Insurance Company to one hundred dollars ($100.00). The order and adjudication of the Insurance Department is otherwise affirmed.