433 A.2d 1342

**Elizabeth MIDBOE, on behalf of herself and all others similarly situated, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Supreme Court of Pennsylvania.

Argued Jan. 27, 1981.

Decided July 8, 1981.

Reargument Denied Sept. 4, 1981.

350

Thomas J. Calnan, Jr., Allentown, for appellant.

James J. McCabe, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## ORDER

PER CURIAM:

The Court being equally divided, the Order of the Superior Court is affirmed.

O'BRIEN, C. J., filed an Opinion in Support of Affirmance in which ROBERTS and FLAHERTY, JJ., join.

NIX, J., filed an Opinion in Support of Reversal.

LARSEN, J., filed an Opinion in Support of Reversal in which KAUFFMAN, J., joined.

## OPINION IN SUPPORT OF AFFIRMANCE

O'BRIEN, Chief Justice.

This appeal is from an order of the Superior Court, affirming an order of the Court of Common Pleas, Lehigh County, which granted a demurrer of appellee, State Farm Mutual Automobile Insurance Company, to the complaint of appellant, Elizabeth Midboe, on behalf of herself and others similarly situated.

On December 18, 1976, appellant's son, Carl Midboe, an eighteen-year-old high school senior, was killed in an automobile accident. Appellant filed a claim with appellee for "survivor's loss" benefits under her No-Fault insurance policy. Appellee refused payment on the claim because appellant was not dependent upon the deceased for support at the time of his death. Appellant then filed a class action on her behalf and for others similarly situated, alleging that the insurance policies in question were in contravention of the expressed intention of the Legislature which passed the

Pennsylvania No-Fault Motor Vehicle Insurance Act.[1] Appellant thus sought reformation of the applicable insurance policies for both her and all the members of the class. Appellee filed preliminary objections in the nature of a demurrer to the complaint and also alleged that the complaint was not a proper class action. The Court of Common Pleas, Lehigh County, sustained appellee's demurrer and, because of that disposition, did not rule on the propriety of the class action. The Superior Court affirmed. *Midboe v. State Farm Mutual Automobile Insurance Co.*, 261 Pa.Super. 447, 395 A.2d 991 (1978). This Court granted appellant's petition for allowance of appeal and this appeal followed.

█ The sole issue presented instantly is one of statutory interpretation. The No-Fault Act provides:

" 'Survivor' means:

"(A) spouse; or

"(B) child, parent, brother, sister or relative dependent upon the deceased for support." 40 P.S. § 1009.103 (Supp. 1980–81).

A determination must be made whether the phrase "dependent upon the deceased for support" modifies only "relative" or whether that phrase modifies all of the antecedents contained in subsection (B). Appellant admitted in her original complaint that at the time of her son's death she was not dependent upon her son for support. Appellant, however, argues that a child, parent, brother or sister need not show such dependency. Appellant further admits that under the definition of "survivor" contained in her insurance policy with State Farm, she does not qualify as a "survivor". The policy states:

"Survivor means:

"(1) a spouse;

"(2) a child, parent, brother, sister or relative who was dependent on the *insured* at the time of the *insured's* death." (emphasis in original).

1. Act of July 19, 1974, P. L. 489, No. 176, Art. I, § 101 *et seq.*, 40 P. S. § 1009.101 *et seq.* (Supp. 1980–81).

Appellant argues that the definition of survivor contained in the policy is contrary to the definition of survivor intended by the Legislature in the No-Fault Act. As appellant believes that no limitations on coverage may be imposed by State Farm or other insurance companies that are not authorized by the No-Fault Act, and since appellant believes that State Farm's definition is such a limitation, she argues that the policy must be reformed to define survivor as the Legislature, in her view, intended.

The Legislature has codified the primary rule of statutory construction, stating:

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly."

Act of November 25, 1970, P. L. 707, No. 230, repealed and reenacted, Act of December 6, 1972, P. L. 1339, No. 290, 1 Pa.C.S.A. § 1921(a). This rule, however, is oft easier to state than to apply; as a result, the Statutory Construction Act [2] and other principles of statutory construction must be utilized to ascertain the Legislature's intent.

Appellant advances several reasons, some of which are based on the Statutory Construction Act, why her perception of the Legislature's intention should be adopted. While the arguments are well made, I nonetheless believe the Legislature intended that a child, parent, brother or sister, as well as any other relative, must establish dependency on the deceased to qualify as a survivor under the No-Fault Act.

■ Appellant argues that the survivor's benefits under the No-Fault Act were intended to parallel survivor's loss in the Wrongful Death [3] and Survival [4] statutes. Appellant believes that a plaintiff suing under either of those two

2. Act of November 25, 1970, P. L. 707, No. 230, repealed and reenacted, Act of December 6, 1972, P. L. 1339, No. 290, 1 Pa.C.S.A. § 1501 et seq.

3. Act of July 9, 1976, P. L. 586, No. 142, § 2, 42 Pa.C.S.A. § 8301, formerly 12 P. S. § 1604.

4. Act of July 9, 1976, P. L. 586, No. 142, § 2, 42 Pa.C.S.A. § 8302, formerly 20 P. S. § 320.601.

statutes need not establish dependency on the deceased as a predicate to recovery; thus, if the No-Fault Act were intended to parallel those actions, appellant asserts that she, as the deceased's mother, need not prove such dependency. I, however, disagree.

To a certain extent, appellant is correct in her assertion that a plaintiff suing under the traditional Wrongful Death or Survival statutes need not establish dependency on the deceased to recover. It is clear that dependency on the deceased need not be shown in a survival action because of the very nature of that action, i. e., a suit which the deceased would have brought had he survived. Damages in a survival action are thus:

"... to be measured by the decedent's pain and suffering and loss of gross earning power from the date of injury until death, and loss of earning power less personal maintenance expenses from the time of death through decedent's estimated working lifespan."

*Incollingo v. Ewing*, 444 Pa. 299, 309, 282 A.2d 206, 229 (1971).

Dependency on the deceased is simply not an issue in a survival action.

A wrongful death action is another matter, for in some respects dependency on the deceased is not a predicate to recovery; in other respects, however, such dependency must be shown.

"Recovery under the Wrongful Death Act, which runs in favor of statutory beneficiaries, consists of funeral and medical expenses plus *compensation for pecuniary losses suffered by reason of the decedent's death.*"

*Soares v. McClosky*, 466 F.Supp. 703, 708 (E.D.Pa.1979) (emphasis added). Pecuniary loss has been defined as:

" '... the destruction of a reasonable expectation of pecuniary advantage from the deceased. *It is not a matter of guess or conjecture, but must be based upon facts showing the contributions which the deceased made during his lifetime and facts upon which the jury can base an esti-*

*mate of the probable contributions he would have made for the balance* of his natural life.' *Cromley v. Speich*, 19 F.Supp. 857 (M.D.Pa.1937); aff'd 94 F.2d 543 (3rd Cir., 1938)."

*Gatenby v. Altoona Aviation Corp.*, 277 F.Supp. 1011, 1013 (W.D.Pa.1968).

Thus, even under traditional wrongful death recovery, the plaintiff was required to show actual dependency on the deceased to recover that portion of damages which has been defined as pecuniary loss. Further, appellant is unable to point to any mention in the No-Fault Act that the Act was intended to parallel the Wrongful Death or Survival Acts. Even if, however, such intention were crystal clear, the result would not be different as dependency on the deceased had to be proven to recover a portion of damages under the Wrongful Death Act.

■ Appellant next argues that the No-Fault Act would be internally inconsistent if her interpretation of "survivor" is not adopted. Appellant points to the Act's definition of "survivor's loss" which defines that term as:

"(A) loss of income of a deceased victim which would probably have been contributed to a survivor or survivors, if the victim had not sustained the fatal injury; and

"(B) expenses reasonably incurred by the survivor or survivors, after the victim's death resulting from injury, in obtaining ordinary and necessary services in lieu of those which the victim would have performed, not for income, but for their benefit, if he had not sustained the fatal injury, reduced by expenses which the survivor or survivors would probably have incurred but avoided by reason of the victim's death resulting from the injury." 40 P.S. § 1009.103 (Supp. 1980–81).

Appellant's argument is that simply because one is a child, parent, brother or sister, it is reasonable to assume that the deceased would probably have contributed some support to those persons. I believe, however, that appellant misconstrues the Legislature's use of the word "probably", and accepting her interpretation would amount to awarding

damages on the basis of pure speculation. As a recent treatise on the No-Fault Act states:

> "*Survivor's loss is not life insurance*; it is a species of basic loss benefits which depend upon a showing of financial loss."

D. Shrager, The Pennsylvania No-Fault Motor Insurance Act, 101 (1979) (emphasis added). (footnote omitted).

Along the same lines, appellant argues that where an inconsistency exists, the Statutory Construction Act requires that specific provisions must control over the inconsistent general provisions. *See*, 1 Pa.C.S.A. § 1933. Appellant argues that the general definition of "survivor" (assuming that a child, parent, brother and sister must establish dependency on the deceased) is in conflict with the specific definition of "survivor's loss" and thus, the latter must prevail. As already noted, however, I perceive no conflict or inconsistency between the two provisions and appellant's argument must thus be rejected.

■ Appellant next argues that another rule of statutory construction compels that her interpretation of "survivor" be adopted. That rule provides:

> "... all phrases and sentences are to be construed according to the rules of grammar; and these 'require as a general thing, a limiting clause or phrase, following several expressions to which it might be applicable, to be restrained to the last antecedent': Endlich on Interpretation of Statutes, secs. 2 and 414."

*Buntz v. General American Life Insurance Co.*, 136 Pa.Super. 284, 289, 7 A.2d 93, 95 (1939). Thus, applying this rule, appellant argues that "dependent on the deceased for support" modifies only "relative" and not "child, parent, brother or sister". In discussing the "last antecedent" rule, this Court has stated:

> "The [last antecedent] rule is but another aid to discovery of intent or meaning, however, and not an inflexible and uniformly binding rule. Where the sense of the entire act requires that a qualifying word or phrase apply to several

preceding or even succeeding sections, the word or phrase will not be restricted to its immediate antecedent. . . . When several words are followed by a [modifying phrase] which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the [modifying phrase] be read as applicable to all."

*Commonwealth v. Rosenbloom Finance Corp.,* 457 Pa. 496, 500, 325 A.2d 907, 909 (1974), *citing,* C. Sands, 2A Sutherland's Statutory Construction § 47.33 (4th ed. 1973). I believe the above-quoted portion of *Rosenbloom Finance* is especially applicable in the instant case, for if the Legislature had intended that only "relative" need prove dependency on the deceased, it could have included "child, parent, brother or sister" in subsection (A) with "spouse".

Appellant next points to a proposed regulation of the Insurance Commissioner, which she believes supports her contention that a parent of a deceased victim need not establish dependency on the deceased. The original regulation defined a "survivor" as:

"A spouse, or any of the following dependent upon the deceased for his or her support at the time of death: child, parent, brother, sister, or other relative."

31 Pa.Code § 66.1–103. The proposed regulation relied upon by appellant, states:

"The above-mentioned definition of 'survivor' in § 66.-2(A) contains a limitation on 'survivor's loss' which is not contained in § 103, Definitions, Survivor, that is:

"(1) Requiring a showing of dependency at time of death of the insured for a child, parent, brother, sister or relative.

"Subsection I of conditions of § 66.2(A) provides that regardless of the language of the No-Fault Endorsement, coverage shall be in accordance with the No-Fault Act. Therefore, the definition of 'survivor' in § 103, Definitions of the No-Fault Act [40 P.S. § 1009.103] controls. Dependency may be determined at the time of death but a

showing of dependency at the time of death is not necessary."

Pennsylvania Bulletin, Vol. 8, No. 12, March 25, 1978. Most importantly, as appellee points out, the proposed regulation has never been adopted and made part of the Pennsylvania Code. Further, even if in effect, the new regulation could be read to mean that while a showing of dependency at the time of death is not necessary, a showing of dependency at some time prior to death is still required. Appellant's argument must thus be rejected.

■ Appellant next points to the No-Fault Act itself which states:

"Therefore, it is hereby declared to be the policy of the General Assembly to establish at reasonable cost to the purchaser of insurance, a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims."

40 P.S. § 1009.102(b). (Supp.1980–81). Appellant argues that if a parent must establish dependency on the deceased, the Act is not humane, prompt and adequate. I disagree. The purpose of the No-Fault Act, as is the purpose of compensating any accident victim even if not in a No-Fault context is just that, i. e., to compensate the victim for the injury suffered. The No-Fault Act was never meant to provide windfalls to accident victims or the survivors of deceased victims. Thus, the Act as drafted presumes a spouse to be dependent on the deceased. Any other relative may still recover under No-Fault if that person is able to establish dependency on the deceased. Further, while the Act itself sets limits on the amount of recovery, see 40 P.S. § 1009.202 (Supp.1980–81), the Act allows recovery in excess of those limits under traditional tort theories of liability. 40 P.S. § 1009.301 (Supp.1980–81); *Allstate Insurance Co. v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980) (Survivors of a deceased victim may recover "work loss" benefits in excess of the Act's $15,000 limitation on traditional tort theory). I cannot see how my interpretation of the Legislature's intent violates the declared policy of the Legislature.

■ Appellant finally argues that the Statutory Construction Act requires that we adopt her interpretation of "survivor." That Act provides:

". . . the General Assembly intends the entire statute to be effective and certain."

1 Pa.C.S.A. § 1922(2). Or put another way, a statute should be construed in such a manner as to give effect to all its words. *Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312 (1979). Appellant argues that a child, parent, brother and sister are all relatives and to require all to prove dependency makes surplusage of those words as used in the Act. Again, as with the last antecedent rule, this principle of statutory construction is not, in and of itself, dispositive. As the entire preceding discussion points out, it is my view that the Legislature intended that all relatives but a spouse must prove dependency on the deceased. One principle of statutory construction, which is only an aid in determining Legislature intent, will not be permitted to change what I perceive as a clear mandate by the Legislature.

I would affirm the Order of the Superior Court.

ROBERTS and FLAHERTY, JJ., join in this opinion.

## OPINION IN SUPPORT OF REVERSAL

NIX, Justice.

I must disagree with the majority's conclusion that the phrase "dependent upon the deceased for support" modifies all of the antecedents contained in subsection (B).

The majority rejects the "last antecedent rule" [1] and concludes that the clause "dependent upon the decedent for support" modified the words "child," "parent," "brother," "sister" as well as the word "relative." Such an interpreta-

---

1. A canon of statutory construction that relative or qualifying words or phrases are to be applied to the words or phrases immediately preceding, and as not extending to or including other words, phrases, or clauses more remote, unless such extension or inclusion is clearly required by the intent and meaning of the context, or disclosed by an examination of the entire act.
   Black's Law Dictionary, Fifth Edition, p. 794.

tion creates a clear redundancy which should have suggested to the majority the error in their interpretation. It is fundamental in statutory construction that the language must be construed in such a manner as to give meaning to all of the words used to convey the thought. 1 Pa.C.S.A. § 1922(2); *Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312 (1979).

Moreover, the significance of isolating "spouse" in a separate subsection is more probative of the recognition on the part of the legislature of the very unique relationship created by marriage and an intent to distinguish the spousal from other familial relationships.

LARSEN, Justice, dissenting.

I dissent. Appellant is entitled to collect the "survivors loss" if she can prove that her son "would probably have ... contributed" income to her, even though she was not dependent on her son.[1] Although the definition of "Survivor" is ambiguous in this regard, I maintain that the phrase "dependent on decedent for support" does not modify the word "parent".

A statute must be construed to give effect to every word because the legislature intends all of the provisions of its laws to be effective. 1 Pa.C.S.A. §§ 1921(a), 1922(2); *Lukus v. Westinghouse Electric Corp.*, 276 Pa.Super. 232, 419 A.2d 431 (1980). Since a child, parent, brother or sister of the

---

1. The No-Fault Act, 40 P.S. § 1009.101 *et seq.* (Supp.1980–81), provides:
   § 1009.103 Definitions
   "Survivor" means:
   (A) spouse; or
   (B) child, parent, brother, sister or relative dependent upon the deceased for support.
   "Survivor's loss" means the:
   (A) loss of income of a deceased victim which would probably have been contributed to a survivor ...
   § 1009.202 Basic loss benefits
   . . . .
   (d) Survivors losses.—Survivors loss, as defined in section 103 shall be provided in an amount not to exceed five thousand dollars ($5,000).

deceased is also a relative, it would be totally unnecessary to list them separately if the legislature intended them to be "dependent on the deceased for support". The majority's reading renders the phrase "child, parent, brother, sister" wholly redundant.

The majority's reading creates another redundancy: to be entitled to "Survivor's loss", appellant would have to prove both that she was dependent on the deceased and that the deceased would probably have contributed income to her. If appellant was a dependent, it is a forgone conclusion that the deceased would have contributed income to her. Subpart (A) of the definition of "Survivor's loss" is rendered ineffective.

The majority opinion also disregards the "last antecedent rule" of statutory construction: when a phrase follows several expressions to which it might be applied, the phrase is to be limited to the last antecedent. *Buntz v. General American Life Insurance Co.*, 136 Pa.Super. 284, 7 A.2d 93 (1939). Applying this rule, the phrase "dependent upon the deceased for support" only modifies "relative". The majority argues that the last antecedent rule is not applicable when the "sense of an entire act" requires a different reading. *Commonwealth v. Rosenbloom Finance Corp.*, 457 Pa. 496, 500, 325 A.2d 907, 909 (1974). I submit that the sense of the entire act requires that appellant recover.

Insurance statutes are to be liberally construed to effect their purposes and to promote justice. 1 Pa.C.S.A. § 1928(c); *Sheppard v. Old Republic Life Insurance Co.*, 21 Pa.Cmwlth. 360, 346 A.2d 383 (1975). The purpose of the No-Fault Motor Vehicle Insurance Act was to establish "a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims." 40 P.S. § 1009.102(b) (Supp.1980–81). Consistent with this purpose, the statute should be liberally construed as not to require appellant to prove dependency to be eligible for "Survivor's loss."

KAUFFMAN, J., joins in this dissenting opinion.