469 A.2d 560

**Selwyn CHESLER, Administrator of the Estate of Barry C. Chesler, Deceased**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.**

Supreme Court of Pennsylvania.

Argued May 26, 1983.

Decided Dec. 30, 1983.

*supra.* The promulgation of such a statute would be within the province of the legislature.

David M. McCormick, Philadelphia, for appellant.

Jeffrey M. Stopford, Philadelphia, for appellee.

Before ROBERTS, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

Appellant Government Employees Insurance Company appeals from an order of the Superior Court reversing an order of the Court of Common Pleas of Philadelphia which dismissed the petition of appellee Selwyn Chesler to compel the payment of "survivor's loss" benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July

19, 1974, P.L. 489, § 101 et seq., 40 P.S. § 1009.101 et seq. (Supp.1983). Appellee is the mother of Barry Chesler, who was killed in an automobile accident while insured under a no-fault automobile insurance policy issued by appellant. Appellee, who has not shown that she was dependent upon her son, contends that she need not prove dependency in order to receive survivor's benefits under the Act.

We hold that section 103 of the Act, 40 P.S. § 1009.103, requires a "child, parent, brother, [or] sister" of a deceased victim of an automobile accident to show dependency on the victim as a condition of eligibility for survivor's loss benefits. See *Midboe v. State Farm Mutual Automobile Insurance Co.*, 495 Pa. 348, 433 A.2d 1342 (1981) (O'Brien, C.J., joined by Roberts & Flaherty, JJ., in support of affirmance). Section 103 defines a "survivor" as a

"(A) spouse; or

(B) child, parent, brother, sister or relative dependent upon the deceased for support."

As stated in *Midboe, supra*, "if the Legislature had intended that only [a] 'relative' need prove dependency on the deceased, it could have included 'child, parent, brother or sister' in subsection (A) with 'spouse'." 495 Pa. at 357, 433 A.2d at 1347.

The order of the Superior Court reversing the order of the court of common pleas which dismissed the petition to compel the payment of survivor's loss benefits is reversed.

NIX, J., did not participate in the consideration or decision of this case.

HUTCHINSON, J., files a concurring opinion.

LARSEN, J., files a dissenting opinion.

HUTCHINSON, Justice, concurring.

I concur in the result. This Court construed Section 103 of the Pennsylvania No-Fault Motor Vehicle Insurance Act,[1] in *Midboe v. State Farm Mutual Auto Insurance Co.*, 495

---

1. Act of July 19, 1974, P.L. 489, No. 176, Art. 1, 40 P.S. § 1009.103.

Pa. 348, 433 A.2d 1342 (1981) (*"Midboe"*), a case involving factual circumstances similar to those present in the case hereunder consideration. I agree with Former Chief Justice O'Brien's construction of Section 103 set forth in an opinion in support of affirmance in *Midboe* in which Mr. Justice, now Chief Justice, Roberts and Mr. Justice Flaherty joined. There Justice O'Brien determined that the legislature intended the phrase "dependent upon the deceased for support" to modify all the antecedents contained in subsection (B).

Justice O'Brien correctly observed that rules of statutory construction are inapplicable where the intent of the legislature is clear from the language of the provision in question read in the context of the entire statutory scheme. Accordingly, in declining to apply the last antecedent rule, he noted that:

> "The [last antecedent] rule is but another aid to discovery of intent or meaning, however, and not an inflexible and uniformly binding rule. Where the sense of the entire act requires that a qualifying word or phrase apply to several preceding or even succeeding sections, the word or phrase will not be restricted to its immediate antecedent.... When several words are followed by a [modifying phrase], which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the [modifying phrase] be read as applicable to all."

*Id.*, 495 Pa. at 356–57, 433 A.2d at 1347 (quoting *Commonwealth v. Rosenbloom Finance Corp.*, 457 Pa. 496, 500, 325 A.2d 907, 909 (1974)). I agree with then Chief Justice O'Brien's conclusion that had the legislature intended to require only a "relative" to prove dependency on the deceased, it would have included "child, parent, brother or sister" with "spouse" in subsection (A). *See id.*

I further agree with then Chief Justice O'Brien that our construction of Section 103 comports with policy considerations underpinning the No-Fault Act. Specifically, as he noted in *Midboe:*

The purpose of the No-Fault Act, as is the purpose of compensating any accident victim even if not in a No-Fault context is just that, *i.e.*, to compensate the victim for the injury suffered. The No-Fault Act was never meant to provide windfalls to accident victims or the survivors of deceased victims. Thus, the Act as drafted presumes a spouse to be dependent on the deceased. Any other relative may still recover under No-Fault if that person is able to establish dependency on the deceased. Further, while the Act itself sets limits on the amount of recovery, see 40 P.S. § 1009.202 (Supp.1980–81), the Act allows recovery in excess of those limits under traditional tort theories of liability. 40 P.S. § 1009.301 (Supp.1980–81); *Allstate Insurance Co. v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980). (Survivors of a deceased victim may recover "work loss" benefits in excess of the Act's $15,000 limitation on traditional tort theory).

*Id.*, 495 Pa. at 358, 433 A.2d at 1348.

For the foregoing reasons, I concur in the result.

LARSEN, Justice, dissenting.

On January 9, 1979, Barry C. Chesler, a licensed medical doctor,[1] was killed in a motor vehicle accident in Chester, Pennsylvania. At the time of the accident, Dr. Chesler was driving his Triumph automobile which was insured under a No-fault policy of insurance issued by appellant, Government Employee Insurance Company. Dr. Chesler was unmarried and was not the father of any child or children. He was survived by his mother, a step-father, brother and uncle. His mother resides in South Africa and she was not financially dependent upon Dr. Chesler when he died. She maintains, however, that the decedent would have contributed some financial support to her had he lived.[2]

---

1. Dr. Barry C. Chesler was employed as a resident in obstetrics and gynecology earning $16,112.00 a year.

2. It was stipulated that decedent's mother would have received a sum in excess of $5,000.00 in voluntary contributions from the deceased had he not been killed.

The appellant challenges the claim of decedent's mother for survivor's loss benefits by urging that she is not a "survivor" within the meaning of "survivor" as defined in the No-fault statute. Section 103 of the Act provides:

"Survivor" means:

(A) Spouse, or

(B) child, parent, brother, sister or relative dependent upon the deceased for support.

Act of July 19, 1974, P.L. 489, No. 176; 40 P.S. § 1009.103.

I disagree with the majority's holding that Section 103 "requires a 'child, parent, brother [or] sister' of a deceased victim of an automobile accident to show dependency on the victim as a condition of eligibility for survivor's loss benefits." The qualifying phrase, "dependent upon the deceased for support," set forth in Section 103 does not modify the entire Subsection (B), but only the immediately preceding antecedent, relative.

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." *Statutory Construction Act*, 1972, Sec. 6, P.L. 1339, No. 290 § 3(a), 1 Pa.C.S.A. § 1921(a). When the words of a statute are ambiguous, among the prime considerations in ascertaining the intent of the legislature are, the occasion and necessity for the statute, and the object to be attained by the enactment. *Statutory Construction Act*, 1972, Sec. 6, P.L. 1339, No. 290, § 3(c), 1 Pa.C.S.A. § 1921(c).

In enacting the No-fault Act, the General Assembly declared the occasion and necessity for the statute:

"the maximum feasible restoration of all individuals injured and compensation of the economic losses of the survivors of all individuals killed in motor vehicle accidents on Commonwealth highways, in intrastate commerce, and in activity affecting intrastate commerce is essential to the humane and purposeful functioning of commerce."

No-fault Motor Vehicle Insurance Act, July 19, 1974, P.L. 489, No. 176, Art. I § 102(a)(3); 40 P.S. § 1009.102(a)(3).

The purpose or object of the No-fault Act is stated as follows:

[I]t is hereby declared to be the policy of the General Assembly to establish ... a statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims.

No-fault Motor Vehicle Insurance Act, July 19, 1974, P.L. 489, No. 176, Art. I § 102(b); 40 P.S. § 1009.102(b).

In construing a statute, appropriate recognition must be accorded to the canon of construction that the legislature intends every provision and word to have effect. *Statutory Construction Act*, 1972, Sec. 6, P.L. 1339, No. 290, § 3(a); 1 Pa.C.S.A. § 1921(a); *See: Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312 (1979); *Lukus v. Westinghouse Electric Corp.*, 276 Pa.Super. 232, 419 A.2d 431 (1980).

A child, parent, brother and sister, as set forth in the No-fault Act, are all relatives of a deceased victim. If the legislature intended that all relatives, other than a spouse, must prove dependency, then the words, "child, parent, brother, sister" have no meaning in the context of the Act and their separate listing is wholly unnecessary. The interpretation adopted by the majority reduces to surplusage the words, "child, parent, brother, sister." Additionally, this construction tends to nullify the definition of "Survivor's Loss" as set forth in the No-fault Act.

"Survivor's Loss" means the:

(A) loss of income of a deceased victim which would probably have been contributed to a survivor or survivors, if such victim had not sustained the fatal injury; and

(B) expenses reasonably incurred by a survivor or survivors, after a victim's death resulting from injury, in obtaining ordinary and necessary services in lieu of those which the victim would have performed, not for income, but for their benefit, if he had not sustained the fatal injury.

No-fault Motor Vehicle Insurance Act, July 19, 1974, P.L. 489, No. 176, Art. I, § 103; 40 P.S. § 1009.103.

Under the majority's interpretation, a child, parent, brother and sister is required to prove both dependency on the deceased and that the decedent would probably have contributed income to him or her. If the claimant was dependent upon the deceased for support, it is axiomatic that decedent would have contributed income to the surviving claimant. Subsection (A) of the definition of "Survivor's Loss" then would be excess baggage and of no effect.

An additional construction aid courts of this Commonwealth have employed in construing statutes is the "last antecedent rule". This principle provides that: When a phrase follows several expressions to which it might be applied, application of the phrase is to be limited to the last antecedent. *Buntz v. General American Life Ins. Co.*, 136 Pa.Super. 284, 7 A.2d 93 (1939); *See: Midboe v. State Farm Mutual Auto Ins. Co.*, (Dissenting Opinion, Larsen, J.) 495 Pa. 348, 433 A.2d 1342 (1981).

Applying this rule here and considering the purpose and sense of the entire No-fault Act, I would hold that the phrase "dependent upon the deceased for support" applies only to relative, and does not apply to those class of kin who are designated prior to relative in Subsection (B) of the definition of survivor.

"Insurance statutes are to be liberally construed to effect their purposes and to promote justice. 1 Pa.C.S.A. § 1928(c). *Sheppard v. Old Republic Life Insurance Co.*, 21 Pa.Cmwlth. 360, 346 A.2d 383 (1975)."

*Midboe v. State Farm Mutual Ins. Co.*, (Dissenting Opinion, Larsen, J.) 495 Pa. 348, 433 A.2d 1342, 1349 (1981).

Accordingly, I would affirm and hold that a child, parent, brother and sister need not prove dependency, but need only to show that the deceased would probably have contributed income to him or her for entitlement to survivor's benefits under the No-fault Act. Only a relative other than a child,

parent, brother and sister, (and spouse), need to show dependency.

I dissent.