500 A.2d 1171

**Frances ROPKA, Administratrix of The Estate of Michael W. Chilcoat, Deceased and in her own right and Hyla W. Clark and Carl Clark, Jr., Administrators of the Estates of Hyla Lynn Chilcoat, Stacie Lynn Chilcoat and Alison Frances Chilcoat, Deceased and in their own right.**

**v.**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued March 5, 1985.

Filed Nov. 15, 1985.

508

David M. McCormick, Philadelphia, for appellant.

Frederick N. Dorfman, Philadelphia, for appellees.

Before ROWLEY, WATKINS and GEISZ *, JJ.

WATKINS, Judge:

This is an appeal from an order entered January 19, 1984 in the Court of Common Pleas of Philadelphia County, Civil Division, granting appellee's Motion for Summary Judgment and denying appellant's Motion for Summary Judgment.

On October 5, 1982, Michael Chilcoat was injured in a fatal automobile accident in Lancaster, Pennsylvania. His wife and two children, who were passengers in the car also died. On the date of the accident, the decedents were residents of Maryland and their vehicle was registered in Maryland. Said vehicle was insured by a Maryland Auto-

mobile Policy issued by the Government Employees Insurance Company.

In June of 1983 an action in Assumpsit was instituted by appellees-plaintiffs, Frances Ropka, Administratrix of the Estate of Michael W. Chilcoat, deceased, and in her own right and Hyla E. Clark and Carl Clark, Jr., Administrators of the Estate of Hyla Lynn Chilcoat, Stacie Lynn Chilcoat, and Alison Frances Chilcoat, deceased, and in their own right, against Government Employees Insurance Company (GEICO). The action sought recovery of basic loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act (Act). GEICO then filed an Answer to appellee's (plaintiff's) complaint with New Matter. Appellees filed a response to appellant's New Matter then sent a request for admissions. Appellant filed a Motion for summary Judgment and appellees filed a response with New Matter. Appellees then sent a request for admissions. Appellant filed a Motion for Summary Judgment and appellees filed a response with New Matter. Appellees' New Matter consisted of appellees' own Motion for Summary Judgment. Appellant then filed a response to that Motion.

The Honorable Alfred J. DiBona, Jr. of the Court of Common Pleas of Philadelphia County, entered an order denying appellant's Motion for Summary Judgment and granting appellees' Motion for Summary Judgment. This appeal followed.

Appellant presents three questions on appeal:

1. Whether or not Maryland is a No-Fault State under Section 1009.110 of the Pennsylvania No-Fault Motor Vehicle Insurance Act?

2. If Maryland is not a No-Fault state under § 1009.110 of the Pennsylvania No-Fault Motor Vehicle Insurance Act, then are the appellees/plaintiffs entitled to survivor's benefits for each decedent?

3. What benefits are appellees entitled to under the coverage provided by appellant's policy of insurance?

■ Appellant argues in its first issue that the Pennsylvania Insurance Commissioner's definition of "State no-fault plan" is not controlling when determining what a "state no-fault plan" is according to Section 110(c) of the Act. Appellant advances the argument that the Insurance Commissioner has no power to issue regulations unless the Commissioner is explicitly named in the specific statute section.

The Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101, et seq. (No-Fault Act) provides that benefits payable under the No-Fault Act are available to out-of-state domiciliaries who are injured within Pennsylvania in an automobile accident. 40 P.S. § 1009.201(a). The exception to the rule allowing collection of those enumerated benefits (basic loss benefits), occurs when the injured out-of-state domiciliaries are domiciled in a state that has an insurance law that qualifies under Pennsylvania law as a no-fault plan. 40 P.S. § 1009.110(c)(1).

The lower court in this case held that the Maryland law does not qualify as a no-fault plan for purposes of § 1009.110(c)(1) as it does not restrict the right of a victim to bring action for non-economic detriment. The lower court relied on regulations promulgated by the Commonwealth Insurance Department of Pennsylvania which set out three requirements which a state insurance plan must meet in order to be considered a no-fault plan under Pennsylvania law:

"A 'state no fault plan' is defined to be a plan which contains the following elements:

(i) compulsory or mandatory automobile insurance.

(ii) first party benefits, and

(iii) a restriction on the right to bring action for non-economic detriment, or a relevant change in the evidentiary rules of practice and proof with respect to these actions."
31 Pa.Code 66.41(b)(2) previously 31 Pa.Code 66.1–110(c)(1)(b)(2).

Appellant's major exception to the lower court decision is that the regulation is not valid as the Commissioner lacked

the power to issue the regulation. Appellant contends that the Insurance Commissioner has no power regarding those subjects contained within a statute section if that section fails to mention the Commissioner; that the naming of the Commissioner in No-Fault statute sections is the grant of power to the Commissioner to promulgate regulations.

We cannot agree with appellant's contentions. Our courts have approved, relied upon or followed regulations promulgated by the Insurance Commissioner interpreting No-Fault Act sections that do not mention the Insurance Commissioner. *Tubner v. State Farm Mutual Insurance Company*, 496 Pa. 215, 436 A.2d 621 (1981). (Insurance Commissioner's Regulation 66.104a lawfully promulgated); *Modesta v. Septa*, 503 Pa. 437, 469 A.2d 1019 (1983) (relied on Regulation 66.11 previously 66.1–104(a) to reach its decision; while this reliance was not exclusive, it is significant to the decision therein); *Zepp v. Nationwide Insurance Co.*, 290 Pa.Superior 28, 434 A.2d 112 (1981) (referred to and quoted Insurance Commissioner Regulation 31 Pa. Code § 66.53 which interprets Section 203 of the No-Fault Act, which in turn does not mention the Insurance Commissioner).

In each of these cases, substantive additions to the No-Fault Act by Insurance Commissioner regulations were approved by appellate courts.

Appellant relies on *Ellison v. Safeguard Mutual Insurance Company*, 209 Pa.Superior 492, 229 A.2d 482 (1967) to support its position, however, the case sub judice is distinguishable. In *Ellison*, the Insurance Commissioner required the adoption of a form forcing the submission of uninsured motorist disputes to arbitration. This requirement was promulgated even though uninsured motorist coverage was not mandatory. In addition, the abrogation of a right to access to the court system was far too serious to be forced upon insurers. Thus, the Commissioner was deemed to have mandated a "condition of insurance", namely arbitration.

In contrast, the regulation at issue in the instant case merely provides a definition to the legislatively mandated "condition of insurance" contained in Section 110(c)(1) of the No-Fault Act.

Our Legislature provides authority that a state's law must contain a restriction on the right to sue or a restriction of the introduction of evidence to have that state's law considered a no-fault plan for purposes of Section 110(c)(1). Although the legislature does not provide in a specific writing that the definition of the phrase "no fault plan" include the above requirements or restriction, the legislative meaning can be ascertained otherwise. Section 503 of the No-Fault Act provides that all provisions of the Act are severable except the restriction on the right to sue. The non-severability of the restriction on the right to sue must be considered in conjunction with all section of the No-Fault Act including its stated purpose found at Section 102(b):

(b) Purposes—Therefore it is hereby declared to be the policy of the General Assembly to establish at reasonable cost to the purchaser of insurance a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims.

In order to achieve the stated purpose of providing reasonable costing benefits, there must be a restriction on the right to sue. The non-severable restrictions on the right to sue must also be read in conjunction with those provisions providing first party benefits. It is this plan of combined benefits and restrictions on the right to sue that the Legislature has deemed to be a "no-fault plan".

■ Considering the foregoing, we conclude that the lower court was correct in determining that Maryland is not a "no-fault state" for purposes of the Pennsylvania No-Fault Act. Accordingly, we affirm on this issue.

■ Next appellant contends that if appellees are entitled to survivor's loss benefits as part of the Pennsylvania basic loss benefits then appellees must show that they were dependent upon the deceased victims for support; citing

*Chesler v. Government Employees Insurance Company,*
503 Pa. 292, 469 A.2d 560 (1983). In *Chesler,* supra, our
Supreme Court held that the Pennsylvania No-Fault Motor
Vehicle Insurance Act required "child, parent, brother (or)
sister" of a deceased victim of an automobile accident to
show dependency on the victim as a condition of eligibility
for survivor's benefits. In his Order dated January 12,
1984, the Honorable Alfred J. DiBona, Jr. awarded survivor
loss benefits of $5,000.00 for each decedent plus 18% inter-
est from March 25, 1983 to the date of payment. It
appears, however, that appellees received this award with-
out a prior determination of dependency, a condition of
eligibility for survivor's benefits. Thus we are compelled to
remand to the lower court for a hearing to determine
appellees' eligibility for survivor's loss benefits.

■ In his third issue, appellant contends that the con-
tract under which appellees seek to recover is a Maryland
contract of insurance and was written in accordance with
Maryland's own no-fault statute not Pennsylvania's. There-
fore, under the terms of that contract, appellees are not
entitled to anything more from appellant than that which
has been provided.

Appellant has failed to raise this issue at any stage of the
proceedings in the court below, thus it is not properly
before this Court on appeal. *Wingeart v. State Farm
Mutual Insurance,* 302 Pa.Superior 524, 449 A.2d 40 (1982)
and the cases cited therein.

Finally, appellees, in their counterstatement of the ques-
tions involved, raise the question of GEICO's liability for
payment of their attorney's fees and costs incurred. The
trial court's opinion adequately disposed of this question.

Order affirmed in part; remanded in part to the lower
court for hearing on the question of dependency. Jurisdic-
tion is relinquished.

ROWLEY, J., concurs in the result.