## Gutekunst v. Harleysville Insurance Company

*David E. Wagenseller, III*, for plaintiff.
*J. Michael Flanagan*, for defendant.

MUELLER, *P.J.*, December 9, 1985—Presently before the court is the motion for summary judgment filed by defendant Harleysville Insurance Company.

On October 26, 1982, John W. Gutekunst, Jr. was killed while riding his bicycle by an automobile driven by an uninsured motorist. Harleysville Insurance Company (Harleysville) was the motor vehicle insurance carrier for John W. Gutekunst, Sr., father of decedent. Decedent resided with his parents at the time of his death and accordingly was covered for no-fault and uninsured motorist benefits under the Harleysville policy.

Harleysville paid funeral benefits and the maximum amount of $15,000 in work-loss benefits to decedent's estate and uninsured-motorist benefits in the amount of $23,000 pursuant to a settlement with decedent's family. The full amount of survivor's-loss benefits, $5,000, was paid to John W. Gutekunst, Sr. after an affidavit was sent from the

attorney for the Gutekunst family listing the survivors of the decedent.[1]

This suit, filed on October 25, 1984, seeks, inter alia, survivor's-loss benefits for the putative son of decedent. This child was born on December 20, 1982, two months after decedent's death, to a woman named Dawn Smith. No mention was made of this child in the affidavit sent to Harleysville of John W. Gutekunst, Sr. On July 1, 1985, Harleysville filed this motion for summary judgment. Briefs having been filed on behalf of plaintiff and Harleysville, this motion is now properly before the court for disposition.

Summary judgment should only be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035(b). In passing upon a motion for summary judgment, a court must examine the record in the light most favorable to the nonmoving party. Pocono International Raceway Inc. v. Pocono Produce Inc., 503 Pa. 80, 83, 468 A.2d 468 (1983). "It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried." Thorsen v. Iron and Glass Bank, 328 Pa. Super. 135, 141, 476 A.2d 928 (1984). Any doubt must be resolved against the moving party. Chorba v. Davlisa Enterprises, Inc., 303 Pa. Super. 497, 500, 450 A.2d 36 (1982).

---

1. According to the pretrial memorandum filed by plaintiff's counsel on April 26, 1985, the Philadelphia law firm of Markowitz and Richman, which firm represented decedent's family on the no-fault claims, is currently holding a sum of approximately $17,000 in insurance proceeds.

The sole legal issue to be decided is whether an illegitimate child not yet born when an insured dies is a "survivor" within the meaning of section 103 of the Pennsylvania No-fault Motor Vehicle Insurance Act (No-fault Act). This is a question of first impression as no reported case law has addressed the issue now before the court. For the reasons set forth below, we hold that such an unborn child is not a survivor within the provisions of the No-fault Act.

Section 103 of the No-fault Act, 40 P.S. §1009.103 (repealed), defines a "survivor" as a "(A) spouse; or (B) child, parent, brother, sister or relative dependent upon the deceased for support." The avowed purpose of the No-fault Act is to provide prompt benefits for the victims of motor vehicle accidents and for the survivors of deceased victims. 40 P.S. §1009.102(b). Indeed, a heavy penalty is placed upon the insurance company which fails to promptly pay no-fault benefits. See 40 P.S. §§1009.106(a) and 1009.107. We believe that a finding that an unborn illegitimate child of an insured is eligible for survivor's-loss benefits would contravene this express purpose of the No-fault Act. A prompt determination of eligibility for survivor's-loss benefits would be impossible.[2] Additional delay in payment of survivor's-loss benefits would occur until decedent's paternity was conclusively established. This holding, as harsh as it may appear given the circumstances of this case, is the only one that would be consistent with the No-fault Act.

We note that the issue of the putative child's dependency upon decedent is irrelevant to this motion for summary judgment since the death of decedent

---

2. We believe that it is ludicrous to impose upon an insurance company the duty to determine whether a decedent may have impregnated any woman prior to his death.

occurred before the Pennsylvania Supreme Court held that a child would need to prove dependency before collecting survivor's-loss benefits. See Chesler v. GEICO, 503 Pa. 292, 469 A.2d 560 (1983).

## ORDER

And now, December 9, 1985, the motion for summary judgment filed by defendant Harleysville Insurance Company as to plaintiff's claim for survivor's-loss benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act is granted.