469 A.2d 1131

Joseph KINTZ, Administrator of the Estate of Miriam
G. Kintz, Deceased

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY, Appellant.

Joseph KINTZ, Administrator of the Estate of Miriam G.
Kintz, Deceased, Appellant

v.

NATIONWIDE MUTUAL INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued Jan. 27, 1983.

Filed Dec. 30, 1983.

Petition for Allowance of Appeal Granted April 18, 1984.

4

Roger T. Shoop, Harrisburg, for appellant.

Robert D. Myers, Harrisburg, for appellee.

Before WICKERSHAM, CIRILLO and WATKINS, JJ.

WICKERSHAM, Judge:

On February 12, 1980, appellee's decedent, Miriam G. Kintz, was killed in an automobile accident. She was covered by a Pennsylvania No-Fault Automobile Insurance policy issued by appellant Nationwide Mutual Insurance Company. At the time of her death, appellee's decedent was 41 years

old and was employed on a part-time basis by Rakestraw's Dairy, Mechanicsburg, Pennsylvania, working one day per week (a total of six hours), at a pay rate of $3.40 per hour. (Record at 36a–38a).

The complaint alleges that on October 24, 1980, appellee Kintz, as surviving spouse and administrator of Mrs. Kintz's estate, demanded that Nationwide pay the total work loss benefits payable under the policy, $15,000. The complaint further avers that Nationwide offered to pay the $15,000 in work loss benefits at the rate of $77.21 per month over a period of sixteen years, three months. Appellee rejected this offer, demanding that the entire $15,000 be paid in one lump sum, or alternatively, at the rate of $1,000 per month. Nationwide rejected this demand; on January 8, 1981, Nationwide tendered a check to appellee in the amount of $849.31, representing eleven months of benefits at the rate of $77.21 per month. Appellee informed Nationwide that he was accepting the check as part payment of his claim but without prejudice to his right to pursue a demand for lump sum payment. Since January of 1981 Nationwide has paid, and we assume, continues to pay $77.21 per month to appellee.

Appellee instituted the instant action on February 4, 1981. On February 27, 1981, Nationwide filed preliminary objections to the complaint. On April 29, 1981, the lower court overruled and denied Nationwide's preliminary objections. Pleadings were completed and depositions were taken. Both parties filed motions for summary judgment. On August 17, 1981, following submission of briefs by both parties, oral argument was held on the cross motions for summary judgment. The Honorable Clarence C. Morrison filed an opinion and order granting appellee's motion for summary judgment and denying Nationwide's cross motion for summary judgment on November 9, 1981. The lower court did not, however, grant appellee Kintz's request for interest and counsel fees.

Appellant Nationwide appealed from the order requiring it to pay work loss benefits in a lump sum. Appellee Kintz

filed a cross appeal on the issue of the lower court's denial of interest and counsel fees. These two appeals were consolidated for briefing and argument purposes.

At the outset, we note that we are asked to examine the lower court's grant of one motion for summary judgment and the denial of another such motion. Pa.R.C.P. No. 1035(b) provides that summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In this case, it seems clear to us that there is no genuine issue as to any material fact. The insurance company does not deny that work loss benefits are owed to appellee. Only the *method* of payment is at issue. Thus, we believe that summary judgment is the appropriate disposition of this case.

In these consolidated appeals, appellant Nationwide states the first issue presented for our consideration as follows:

Is a survivor of a deceased victim entitled to receive a lump sum payment of maximum work loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act.

Brief for Appellant at 3.

This issue was recently resolved by an *en banc* panel of this court. In *Antanovich v. Allstate Insurance Company*, 320 Pa.Super. 322, 467 A.2d 345 (1983), the insurance company argued, as Nationwide argues in this appeal, that work loss is "sustained" only when the victim would have received the income, had the victim lived. Thus, the insurance company argued that work loss benefits should be paid monthly and not in a lump sum. The *Antanovich* opinion states:

We can think of only one reason for the requirement that work loss benefits are to be paid monthly, namely, that it is not known when, or whether, the victim will be able to return to work. But when an accident results in

death, this reasoning is inapplicable. It *is* known that the victim will *not* return to work. The amount of work loss benefits is therefore certain, and there is no need to extend the payments up to a period of fifteen months. *See* 40 P.S. § 1009.202(b). We therefore hold that po[s]t-mortem work loss benefits are to be paid in a lump sum.

*Antanovich, supra,* 320 Pa.Superior Ct. at 341, 467 A.2d at 355 (emphasis in original).

■ In accordance with *Antanovich,* we hold that Nationwide cannot extend monthly payments over a sixteen year period. Rather, the total work loss benefits still owed to appellee must be paid in a lump sum.

■ In the second issue of this consolidated appeal, appellee Kintz questions the lower court's decision to deny his request for interest and counsel fees. First, we will address the issue of counsel fees. Section 107(3) of the No-Fault Act provides:

If, in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended.

40 Pa.S.A. § 1009.107(3).[1]

This provision permits an award of attorney fees only if the insurer denied the claim "without reasonable foundation." In its opinion, the lower court found that the appellee's demand for lump sum payment was disputed and that Nationwide's refusal to make the lump sum payment was reasonable. Lower ct. op. at 4–5. We agree.

First, we note that the question of the proper method of payment has only recently been decided; Nationwide's position was not in opposition to established case law. Furthermore, Nationwide's interpretation of the proper method of payment was neither illogical nor unreasonable. We also recognize that Nationwide never *denied* appellee's claim.

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 107(3).

Nationwide made, and we assume, continues to make monthly payments of $77.21 per month in accordance with what it believed to be the proper method of payment. Thus, we find that Nationwide's refusal to make a lump sum payment was not "without reasonable foundation." We affirm the lower court's denial of counsel fees.

Appellee also questions the lower court's denial of his request for interest. The No-Fault Act provides that No-Fault benefits are overdue if not paid within thirty days of receipt by the insurance company of reasonable proof of the fact and amount of loss. The Act provides further that overdue payments bear interest at the rate of eighteen percent (18%) per annum. 40 Pa.S.A. § 1009.106(a)(2).[2]

In *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 425 A.2d 419 (1981), the Pennsylvania Supreme Court distinguished the language of section 106 of the No-Fault Act (concerning interest on overdue payments of benefits) from the language of section 107 of the Act (concerning allowance of attorney fees). The court noted that while section 107 permits an award of counsel fees only when the delay in payment was "without reasonable foundation", section 106 contains no such limiting language as to an award of interest on overdue payments. The court found that this difference in language indicates that the legislature did not intend to create a good faith exception to a claim for 18% interest on overdue payments. Thus, in *Hayes, supra,* our supreme court ruled that the 18% interest rate is owed regardless of the good faith of the insurer or the reasonableness of the delay. *Hayes, supra,* 493 Pa. at 155, 425 A.2d at 421. *See also, Hall v. Midland Insurance Company,* 320 Pa.Super. 281, 467 A.2d 324 (1983) and cases cited therein.

■ Although we believe that Nationwide's delay in making a lump sum payment of work loss benefits to appellee was reasonable and that Nationwide acted in good faith, we feel constrained by the Pennsylvania Supreme Court's rul-

2. Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 106(a)(2).

ing in *Hayes, supra,* to find that interest at the rate of 18% is due to appellee.

Under the No-Fault Act, payments become overdue if not paid within thirty days of notice to the insurance company. *Baker v. Aetna Casualty & Surety Company,* 309 Pa.Super. 81, 96, 454 A.2d 1092, 1100 (1982). In the instant case, the complaint averred and Nationwide's answer admitted that appellee demanded payment of work loss benefits on October 24, 1980. Thus, payment became overdue when not paid on November 23, 1980. Therefore, 18% interest is due from that date.

We affirm the lower court's ruling that the work loss benefits must be paid in one lump sum. We also affirm the lower court's denial of counsel fees. However, we reverse the lower court's denial of interest on the overdue payment. Therefore, we remand so that the trial court may assess interest in accordance with this opinion and 40 Pa.S.A. § 1009.106(a)(2).

Judgment affirmed in part and reversed in part. Jurisdiction is relinquished.