## Cramer v. Allstate Insurance Company

*Frederick S. Wolfson, Thomas N. Cooper,* for plaintiffs.

*Robert W. Hallinger,* for defendant.

WALTER, *J.,* February 14, 1985—Before us are cross motions for summary judgment. Having had the benefit of briefs and oral arguments on the several grounds raised by each side, we are prepared to dispose of the case at this stage of the proceedings. We will deny plaintiffs' claim for survivor's loss benefits but award plaintiffs $1,400 in work loss plus 18 percent interest. No attorneys fees will be awarded to either side.

There is no dispute over the material facts. Plaintiffs are the parents of Robert A. Cramer, Jr. who died as a result of an automobile accident on April

15, 1982. Decedent was insured under an Allstate policy in accord with the provisions of the "No-fault Act", 40 P.S. §§1009.101 et seq. (hereafter act). By letter dated September 16, 1982, defendant notified plaintiffs' counsel that Allstate "would begin making payments in the amount of $200.00 per month up to a maximum of $5,000.00 which represents the incurred survivor's benefit." The letter also stated that monthly work loss would be paid at the same time.

On November 5, 1982, the Pennsylvania Supreme Court allowed an appeal from Chesler v. Government Employees Insurance Co., 302 Pa. Super. 356, 448 A.2d 1080 (1982), rev'd. 503 Pa. 292, 469 A.2d 560 (1983), to consider the question of dependency for survivor's loss benefits. In a letter dated January 10, 1983, Allstate notified plaintiffs that survivor's loss benefits would be suspended pending the court's decision.

The Chesler decision found dependency on the decedent to be a prerequisite for non-spousal survivor's loss benefits. Instantly plaintiff/parents have admitted they were not dependent on their deceased 18 year old son. Allstate therefore "credited" the $1,400 survivor's loss previously paid to the amount of work loss yet to be paid. Thus, plaintiff/administrator received a total of $15,000 designated as work loss. Plaintiffs filed this action claiming Allstate owes them as parents $3,600 in survivor's loss benefits and owes the estate $1,400 in work loss for a total of $5,000. Allstate denies liability and has counterclaimed for attorney's fees and costs.

Summary judgment should be granted only in the clearest of cases, where no issue of material fact exists and the moving party is obviously entitled to judgment as a matter of law; Pa.R.C.P. 1035. After

reviewing the pleadings, interrogatories, and admissions under Rule 1035, we find the matter ripe for disposition at this stage.

The decision of the Supreme Court in Chesler v. Government Employees Insurance Co., 503 Pa. 292, 469 A.2d 560 (1983), interpreted the definition of "survivor" set forth in 40 P.S. § 1009.103, and held that a non-spouse survivor must demonstrate actual dependency on the insured to be eligible for the survivor's loss benefits allowed by 40 P.S. § 1009.202(d). Plaintiff/parents have admitted they were not dependent on the insured. Chesler clearly prevents their recovering the $5,000 survivor's loss under the act.

Chesler must be applied retroactively as having been the interpretation of survivor's loss since the enactment of the "No-fault Act." "Unless vested rights are affected, a court's interpretation of a statute is considered to have been the law from its enactment date, despite contrary intervening holdings. Buradus v. General Cement Products Co., 159 Pa. Super. 501, 48 A.2d 883 (1946) aff 'd 356 Pa. 349, 52 A.2d 205 (1947)." Kuchinic v. McCrory, 422 Pa. 620, 625, 222 A.2d 897, 900 (1966). Prospective application of a new rule is the exception, not the usual practice. Baker v. Aetna Cas. & Sur. Co., 309 Pa. Super. 81, 86, 454 A.2d 1092, 1095 (1983). For other cases retroactively applying judicial interpretations of the "No-fault Act" see Bergmaier v. Allstate Co., no. 82-4752 (E.D., Pa. February 16, 1984) (applying Antanovich[1] prohibition against "stacking" benefits); Fox v. State Farm Mut. Auto Ins. Co., 322 Pa. Super. 96, 469 A.2d 199

---

1. Antanovich v. Allstate Insurance Co., 320 Pa. Super. 322, 467 A.2d 345 (1983). (Petition for allowance of appeal granted February 10, 1984).

(1983), petition for allowance of appeal granted May 25, 1984 (applying Heffner[2] on work loss).

Having determined that Chesler bars plaintiffs' recovery under the act, we turn to plaintiffs' second theory of recovery: the letter concerning payment of survivor's loss benefits is a binding agreement by Allstate to pay which stands independent of both the act and Chesler. Allstate strenuously denies the existence of a binding contract and claims the letter at issue served merely to notify plaintiffs of Allstate's pre-Chesler decision to pay pursuant to its policy and the act. In the alternative, Allstate contends if the letter is a settlement contract, it is nonenforceable since the settlement lacked the court approval required by 40 P.S. §1009.106(b)(1).

We agree with Allstate that the letter plaintiffs claim to be a contract is only a notification, not a settlement. Plaintiffs now attempt to buttress the letter by finding consideration to support this "settlement" in their forbearance to sue for the benefits. Both sides address 40 P.S. §1009.106(b)(1) which requires court approval of settlements for amounts over $2,500. Plaintiffs assert approval is not necessary here; Allstate contends lack of approval is a bar to payments.

Because we hold no contract exists, we see no need to discuss section 1009.106(b)(1). We find no meeting of minds, no consideration and no support for this contract. Plaintiffs are attempting to sidestep the the retroactive application of Chesler by finding consideration in hindsight. There were no negotiations nor agreements evidencing an intent by the parties to remove their transactions from the scope of the "No-fault Act". The letter merely indi-

---

2. Allstate Insurance Co. v. Heffner, 491 Pa. 447, 421 A.2d 629 (1980).

cated payments would commence under the policy terms and statute, and in fact seven payments were made. We refuse to elevate this standard correspondence to contract status and find Allstate is under no contractual duty to pay $3,600 survivor's loss to plaintiffs.

Plaintiffs raise two valid issues in their motion. First, they contend the act prohibits "setoffs", therefore Allstate cannot credit the $1,400 paid as survivor's loss towards work loss. Without this credit, Allstate has not paid the full $15,000 of work loss and owes $1,400. Second, plaintiffs demand an award of 18 percent interest on the outstanding work loss payment.

The setoff maneuver by Allstate is prohibited by 40 P.S. §1009.106(e): "Except as otherwise provided in this act, basic loss benefits shall be paid without deduction or setoff." The act provides for setoff only in the case of intentional misrepresentation by a claimant or supplier, which is not the situation here. See 40 P.S. §1009.106(a)(4). Therefore, plaintiffs are entitled to keep the $1,400 they received since payment was made in accordance with the law at the time and through no fault or misrepresentation on their part.

It is clear that the basic loss benefits of survivor's loss and work loss are two distinct types of benefits. Each is paid to a different type of recipient: survivor's loss to survivors and work loss to the victim or the estate. The coincidence in this case, that the survivors and administrator(s) are the same people, does not erase the line between these benefits to allow Allstate to perform the convenient bookkeeping at issue. See Ostronic v. Insurance Co. of North America, 314 Pa. Super. 146, 460 A.2d 808 (1983) (survivor's claim stands independent of estate's claim since separate rights involved). We hold the

crediting of $1,400 towards work loss was improper and that plaintiff/administrator has not received the full $15,000 payment to which he is entitled.

Section 1009.106(a)(2) of the act, states that "[o]verdue payments bear interest at the rate of eighteen percent (18%) per annum." There is no good faith exception to the interest charge. Kintz v. Nationwide, 323 Pa. Super. 3, 469 A.2d 1131 (1983). Payments become due "if not paid within thirty days after the receipt by the obligor of each submission of reasonable proof of the fact and amount of loss sustained." 40 P.S. §1009.106(a)(2). Under Antanovich v. Allstate Insurance Co., 320 Pa. Super. 322, 467 A.2d 345 (1983), work loss is due in one lump sum and interest begins to run 30 days after notice. In this case, the proof of loss was submitted by plaintiffs' attorney on August 16, 1982 and received by Allstate on August 17, 1982. (Plaintiffs' Affidavit in support of motion for summary judgment, Exhibit K). Plaintiffs are entitled to 18 percent interest on $1,400 work loss remaining unpaid, running from September 17, 1982, the date full payment was due.

The final claim of both sides is a demand for attorney's fees and costs pursuant to 40 P.S. §1009.107. Section 1009.107 states that a court shall award fees to claimant's attorneys who are successful in collecting overdue payments from an obligor and may award fees where the obligor has unreasonably denied a valid claim. On the other hand, an obligor's attorney may be awarded fees for contesting a fraudulent or unreasonably excessive claim.

Applying section 1009.107(1) to plaintiffs' case, it appears at first glance that plaintiffs are entitled to attorney's fees since they were successful in collecting an overdue work loss payment of $1,400. However, we feel plaintiffs' insistence on $5,000 in sur-

vivor's loss benefits falls under subsection (2)'s description of an excessive claim with no reasonable foundation entitling Allstate to attorney's fees. We believe the two competing claims cancel each other out and neither side is entitled to an award of attorney's fees and costs.

## ORDER OF COURT

And now, this February 14, 1985, after finding no issue of material fact we dispose of the claims raised in the complaint and counterclaim by ruling on the cross motions for summary judgment as follows:

I.  We rule in favor of plaintiffs on their claims for $1,400 in overdue work loss plus 18 percent annual interest running from September 17, 1982;

II.  We rule in favor of defendant and deny plaintiffs' claim for $3,600 survivor's loss benefits;

III. We deny both parties' claims for attorney's fees and costs.