MARSHALL, W. Frederick, Appellant,

v.

AETNA CASUALTY & SURETY COMPANY.

No. 80–2207.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 10, 1981.

Decided March 10, 1981.

Rehearing and Rehearing In Banc Denied April 13, 1981.*

Harry A. Dower and Charles R. Osinski, Dower, Yarema & Co., P.C., Allentown, Pa., for appellant.

A. Richard Bailey, Cozen, Begier & O'Connor, Philadelphia, Pa., for appellee.

Before ALDISERT and HIGGINBOT-HAM, Circuit Judges, and LACEY, District Judge.**

### OPINION OF THE COURT

ALDISERT, Circuit Judge.

The question presented by this appeal from a Fed.R.Civ.Pro. 12(b)(6) dismissal of a diversity jurisdiction suit on an insurance contract tried under Pennsylvania law is whether the court erred in concluding that the action was barred by the twelve month claims limitation period found in the Pennsylvania Standard Fire Insurance Contract, Pa.Stat.Ann. tit. 40, § 636(2). The appellant has alleged that the policy issued by Aetna failed to include the claims limitation provision. He contends that the twelve month period is a contractual and not a

---

\* Judge Garth did not participate in the consideration of this matter.

\*\* Honorable Frederick B. Lacey of the United States District Court for the District of New Jersey sitting by designation.

statutory limitation on suit and that if the insurance contract is silent on the period of limitations, the six year statute applicable to all contracts in writing, 42 Pa.Cons.Stat. Ann. § 5527(2), controls. We agree and therefore reverse.

## I.

Because this case is before us on a dismissal for failure to state a claim upon which relief can be granted, we take all well-pleaded allegations as true. Beginning in 1972, Aetna Casualty and Surety Company issued a policy to insure an apartment building owned by W. Frederick Marshall against fire and other perils. On August 28, 1976, while the policy was in effect, a fire caused substantial damage to the insured property and later vandalism caused additional losses. Marshall notified Aetna of the claim and asked for a copy of the policy that Aetna had issued because his copy had been destroyed in the blaze. According to Marshall, Aetna responded by forwarding a copy which did not include the twelve-month limitation clause mandated by state law. Eleven months after the fire, Aetna's claims agent notified Marshall that his claim had been denied. Three and one-half years after the fire, on March 5, 1980, Marshall brought suit in the Lehigh County Court of Common Pleas, attaching to the complaint a copy of the policy Aetna's agent had supplied to him. Aetna timely removed the case to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441.

■ That court granted Aetna's subsequent motion to dismiss for failure to state a claim on which relief could be granted. The court based its ruling on the provision in Pa.Stat.Ann. tit. 40, § 636(2), which mandates the form and language of every fire insurance policy issued in the state of Pennsylvania. At lines 157–62 the statutory policy provides:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity … . unless commenced within twelve months next after inception of the loss.

In this case, Marshall brought suit three and one-half years after inception of the loss. He would be barred from suit if the contract conformed to the statute, unless Aetna induced Marshall to delay suit. *Commonwealth v. Transamerica Ins. Co.,* 462 Pa. 268, 341 A.2d 74 (1975).

Marshall has alleged that the contract he received from Aetna did not contain this or any reference to a period after which suit would be barred. He argues that in the absence of either a contractual provision to the contrary or one in conformity with the standard language, the six year statute for written contracts, 42 Pa.Cons.Stat.Ann. § 5527(2), controls. The district court rejected this theory and held that "the omission of the … language from the the the insurance policy would not alter the time period in which plaintiffs could institute suit, for the provision is statutory, not a contractual, one." District Court op., typescript at 2, *reprinted in* app. at 52, 53.

## II.

■ Although no Pennsylvania Supreme Court holding controls the precise question before us, we are guided by previous interpretations of Pa.Stat.Ann. tit. 40, § 636(2). It has long been settled in Pennsylvania that a contractual provision limiting the time for commencement of suit on an insurance contract to a period shorter than that provided by an otherwise applicable statute of limitations is valid if reasonable. *See Lardas v. Underwriters Ins. Co.,* 426 Pa. 47, 231 A.2d 740 (1962); *Selden v. Metropolitan Life Ins. Co.,* 354 Pa. 500, 47 A.2d 687 (1946). Nevertheless, courts carefully scrutinize agreements to shorten statutory periods of limitation, requiring a clear expression of such an intent to be in the contract for the provision to be enforceable. *See Alderney Dairy Co. Inc. v. Hawthorne Melody, Inc.,* 643 F.2d 113, at 118 (3d Cir. 1981); *Fratto v. New Amsterdam Fire Ins. Co.,* 359 F.2d 842 (3d Cir. 1966) (per curiam). *A fortiori* if an insurance contract is silent on the period of limitations for suit, the insurance company, presumably the drafter of the agreement, has not expressed

clearly its intent to limit actions. To enforce an abridged period of limitations in this suit, then, would require this court to conclude that § 636(2) is a statute of limitations imposed on all fire insurance contracts regardless of contract language.

We reject that conclusion because Pennsylvania's highest court has consistently viewed the provisions of the standard policy as a matter of contract and not of statute. In *Lardas v. Underwriters Ins. Co.*, 426 Pa. at 51, 231 A.2d at 741–42, the court upheld the validity of the language limiting suit, but observed that "[t]his is not a statute of limitation imposed by law; it is a contractual undertaking between the parties and the limitation on the time for bringing suit is imposed by the parties to the contract." *See also General State Authority v. Planet Ins. Co.*, 464 Pa. 162, 163, 346 A.2d 265, 267 (1975). Similarly, in *Commonwealth v. Transamerica Ins. Co.*, 462 Pa. 268, 341 A.2d 74 (1975), the court noted that as a contractual provision, the length of time for bringing suit may be extended or waived by the conduct of the insurer. Our reading of these decisions persuades us that the court was announcing general precepts that it would apply to subsequent cases such as the one before us.

Aetna argues strenuously that even if the contract is silent on the limitations period, the Pennsylvania Insurance Code requires that the twelve month period be "read into" the document. It contends that it is a provision that the parties are powerless either to omit or to vary. For support Aetna relies on the last sentence of Pa.Stat.Ann. tit. 40, § 637: "Any policy issued in violation of this act shall nevertheless be construed in accordance with the provisions of this act." We find Aetna's reading of this provision patently unreasonable. Section 637 is entitled "Penalty for issuing other than standard fire policies," and it provides for sanctions and criminal penalties against insurance companies that fail to use the standard language. We cannot agree that the Pennsylvania Supreme Court would interpret this provision to protect an insurance company from its insured after the company has violated the insurance code. The act was intended to benefit the insured by requiring uniform language in insurance contracts, not to shield the insurer from a policyholder with a legitimate claim.

In light of the foregoing precepts, we hold that Pennsylvania law requires an insurance contract that is silent on a period of limitations to be interpreted the same as any other contract that does not provide for a limitation of suit. *See generally Mohn v. American Casualty of Reading*, 458 Pa. 576, 584, 326 A.2d 346, 351 (1974). The Pennsylvania Code of Judicial Procedure provides in 42 Pa.Cons.Stat.Ann. § 5527:

> The following actions and proceedings must be commenced within six years:
>
> . . . .
>
> (2) An action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing, except an action subject to another limitation specified in this subchapter.

Finding no other appropriate statute of limitation to apply, we believe that an action on a fire insurance policy covering property situated in Pennsylvania that contains no reference to a period of limitation for suit is controlled by this statute. The present suit, having been brought within six years of inception of the loss, is not barred by the statute of limitations unless the facts educed at trial demonstrate that the original policy issued by Aetna to Marshall did in fact contain the twelve month limit, or some other period of limitations. We stress, however, that at this point there are material questions of fact that still must be resolved before the question of Aetna's liability is determined. *See, e. g., Eberhart v. Nationwide Ins. Co.*, 238 Pa.Super. 558, 362 A.2d 1094 (1976). These unsettled issues require additional development in the district court.

### III.

The judgment of the district court will be reversed and the cause remanded for further proceedings consistent with this opinion.