**Leslie A. MARGOLIES and Linda B. Weinstein, Plaintiffs,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant.**

**Civ. A. No. 92–3607.**

United States District Court, E.D. Pennsylvania.

Dec. 22, 1992.

---

Mark R. Kehoe, Fitzpatrick and Tanker, Philadelphia, PA, for plaintiffs.

Joseph A. Dougherty, Britt, Hankins, Schaible & Moughan, Philadelphia, PA, for defendant.

## OPINION

GAWTHROP, District Judge.

This case raises an interesting question in an area of frequent recurrence in this forum: divining the meaning of an insurance policy.

Plaintiffs sustained water damage to some personal property when their water heater broke, burst, or exploded on April 23, 1991. Plaintiffs filed a claim on their insurance policy with defendant. The parties were unable to agree on the amount of compensation to be paid by defendant to plaintiffs, and plaintiffs filed this diversity suit, *Erie*—bound to the law of Pennsylvania, on May 13, 1992. Plaintiffs allege three causes of action: breach of contract, bad faith, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

The policy itself was a hybrid fire and casualty insurance policy which covered various types of damage. The policy contained a provision purporting to limit the time for bringing actions on the policy to within one year of the time of the alleged loss. Before me now is defendant's motion to dismiss, in which defendant claims that plaintiffs' first two causes of action are barred since the suit was not begun within the one-year period, and that the third cause of action is barred because insurance claims do not come within the ambit of the Consumer Protection Law. Upon the following reasoning, I shall deny the motion.

*Count 1: Breach of Contract*

■ The question whether to dismiss the breach-of-contract claim turns on the validity and applicability of the limitations clause in the insurance policy. The Pennsylvania General Assembly has mandated that a

one-year limitation-of-actions provision appear in all fire insurance policies, 40 P.S. § 636(2), and that a three-year limitations period appear in all casualty insurance policies. 40 P.S. § 753(A)(11). Thus, the validity and applicability of the limitations provision are dependent upon whether the particular damage here, the escape of steam and water from a water heater, was covered by fire insurance or casualty insurance. Does such damage fall within 40 P.S. § 382(b)(1), which defines the types of damage against which fire insurance companies may insure, or does it fall within 40 P.S. § 382(c)(8), which defines the types of damages against which casualty insurance companies may insure?

The language of § 382(b)(1) is rather all-encompassing, and it sets forth the interesting statutory paradox that fire insurance applies "whether fire ensue or not." The section reads in relevant part:

> (b) Stock fire insurance companies may be incorporated ... for making insurances—(1) On dwelling houses, stores, and all kinds of buildings, and household furniture and other property,—against loss or damage, including loss of use or occupancy, by fire, smoke, smudge, lightning, and explosion, *whether fire ensue or not*, and by tornadoes, cyclones, windstorms, earthquakes, hail, frost, sleet, snow, or flood; *against loss or damage by water to any goods or premises, arising from the breakage or leakage of sprinklers, pumps, or other apparatus erected for extinguishing fires, and of water pipes....*

40 P.S. § 382 (emphasis supplied).

Section 382(c)(8), the casualty insurance provision, is in many ways similar to the fire insurance provision. However, it does include the language, "or of other conduits or containers," a clause notably missing from the fire insurance provision. That provision reads in relevant part:

> (c) Stock casualty insurance companies may be incorporated ... (8) To insure

any goods or premises against loss or damage by water or other fluid, caused by the *breakage or leakage* of sprinklers, pumps, or other apparatus erected for extinguishing fires, or *of other conduits or containers*, or of water pipes, or caused by casual water entering through leaks or openings in buildings; and against accidental injury, from causes other than fire or lightning, to such sprinklers, pumps, water pipes, conduits, containers, or other apparatus....

40 P.S. § 382 (emphasis supplied).

In construing a statute, I am mindful that words and phrases "shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a particular and appropriate meaning or are defined in this part (the Statutory Construction Act), shall be construed according to such peculiar and appropriate meaning or definition". 1 Pa.C.S. § 1903(a). Looking at what allegedly happened to precipitate the damage in this case in the context of the common and approved usage of words and phrases, the precipitating incident seems to fall more readily into the casualty provision than the fire provision. I so conclude even though the fire damage provision expressly states that it need not involve fire. "Casualty" is defined as "an accident, especially one involving serious injury or loss of life." *American Heritage Dictionary of the English Language* (3d ed. 1992). Thus, it would seem to encompass a more generic concept than "fire," which, *prima facie*, tends to refer to matters incendiary.

Further, the statutory language referring to "loss or damage by water or other fluid, caused by the breakage or leakage ... of other conduits or containers, or of water pipes ...," viewed in the context of its common and approved usage, seems to place the chain of events in this case[1] within the concept of "casualty" insurance.

This conclusion is strengthened when contemplating the fundamental contractual

---

**1.** I so phrase the averment as to the alleged mechanism of the accident because counsel, during oral argument, stated that he was informed by his clients that his use of the word "explosion" in the complaint was "inartful."

They informed him that they had neither seen nor heard an "explosion" in the sense of a sudden violent release of energy, resulting from bursting of internal pressure, *see American Heritage Dictionary of the English Language* (3d ed.

rule that ambiguities in insurance policies are to be construed against the insurer. *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563 (1983). As the Pennsylvania Supreme Court has stated, "An insurance contract is not a negotiated agreement; rather its conditions are by and large dictated by the insurance company to the insured." *Brakeman v. Potomac Ins. Co.*, 472 Pa. 66, 371 A.2d 193 (1977). Fire insurance policies are to contain a one-year statute of limitations, while casualty insurance policies are to contain a three-year statute of limitations. To permit an insurance company to have mutually encompassing definitions, and then to permit it unilaterally to choose the definition into which it wishes to place a particular type of damage, would be to inappropriately construe the statute in favor of the insurer, since the insurer would, no doubt, always choose to apply the shorter limitations period.

Further, I am mindful that a constructional polestar is to read the statute so as to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a). The language, "or of other conduits or containers," was added to § 382(c)(8) in a 1937 amendment. Before that amendment, §§ 382(b)(1) and 382(c)(8) were even more similar. Clearly, the legislature intended to add some kind of water damage to the definition of casualty insurance, and not to add that kind of damage to the definition of fire insurance. I find the damage in this case to be of the kind the legislature had in mind when it wrote the 1937 amendment. To read the statute other than the way I do here would be to ignore the amendment.

So also, the Statutory Construction Act reminds me that the General Assembly did not intend that a statute be construed so as to reach a result that is absurd or unreasonable. 1 Pa.C.S. § 1922(1). To construe the departure of liquid and steam from a water heater[2], sans fire, as constituting fire damage rather than casualty damage, would be to run afoul of both logic and language, as well as common sense.

Defendant relies on *Boughman v. Travelers Indem. Co.*, 62 Pa.D. & C.2d 635 (1973) for the proposition that damage from an "explosion" is encompassed by the definition of fire insurance rather than casualty insurance. However, *Boughman* involved explosions which occurred during blasting operations, rather than water damage resulting from the "breakage or leakage ... of other conduits or containers," to use the language of § 382(c)(8), which this case involves.

In addition, I recognize that there are numerous cases standing for the proposition that parties are free to contract as they wish, and that a contracted-for limitations period shorter than the period provided by statute will usually be enforced if the limitations provision is reasonable. *See, e.g., Marshall v. Aetna Casualty & Sur. Co.*, 643 F.2d 151 (3d Cir.1981); *Lardas v. Underwriters Ins. Co.*, 426 Pa. 47, 231 A.2d 740 (1962). But defense counsel has not pointed out, nor has this court's research discovered, any cases holding that an insurance company can contractually override the statutorily mandated limitations provisions of 40 Pa.S. § 753(A)(11).

The cases on which defendant relies are distinguishable. In *Schreiber v. Pennsylvania Lumberman's Mut. Ins. Co.*, 498 Pa. 21, 444 A.2d 647 (1982), the court held that a one-year limitations provision in a fire insurance policy barred a suit filed by plaintiffs some 26 months after their internal heater exploded. Apparently, both parties agreed that the policy in question was

1992), but rather, they simply observed various fumes and liquids departing the water heater. Although counsel is bound by his pleadings, I treat this case in the context of a 12(b)(6) motion, and I would be disinclined to dismiss it without affording counsel the opportunity to amend his pleadings to have his language artfully conform with what allegedly actually occurred. "Amendment of the pleadings as may be necessary to cause them to conform to the

evidence ... may be made upon motion of any party at any time." Fed.R.Civ.P. 15(b).

**2.** The record is unclear as to whether this was a gas water heater or an electric water heater. Obviously, with a gas heater, there would be some fire, the enhanced temperature of which could have been a cause of the accident. Still, the essence of this accident does not come from conflagration, but rather inundation.

a fire insurance policy, and the court relied primarily on the legislatively mandated limitations provision of 40 P.S. § 636(2) in reaching its conclusion. "Such a statutory requirement can hardly be determined a 'contract of adhesion,' imposed unfairly by the stronger party upon the weaker. Rather, it represents a legislative determination of a reasonable period within which suits must be brought." *Schreiber*, 444 A.2d at 647. While defendant asserts that the nature of the damage in *Schreiber* is similar to the damage here, the *Schreiber* court did not have before it a dispute over the nature of the insurance policy itself, as is the case here. Further, an explosion of an internal heater is fundamentally different from the instant situation, especially in light of the "other conduits or containers" language included in 40 P.S. § 382(c)(8), which seems directed at precisely the type of damage at issue in this case.

■ Section 753 sets forth the standard language for a policy of casualty insurance, and includes:

(A)(11) A provision as follows:

Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy. *No such action shall be brought after the expiration of three years* after the time written proof of loss is required to be furnished.

40 Pa.S. § 753(A)(11). As the *Schreiber* court pointed out, the legislature has determined what is a reasonable period within which to bring suit.

In this case, the insurance company has attempted to change the limitations period by contract. Granted, the provisions of § 753 are not absolute. Section 753(A) gives the insurer the right to "substitute for one or more of such provisions corresponding provisions of different wording approved by the commissioner which are in each instance not less favorable in any respect to the insured or the beneficiary." It appears from the post-hearing submission of defense counsel that the commissioner may have approved the language in this contract, but in any event, it is abun-

dantly clear that a limitations period of one year is less favorable to the insured than one thrice that length. The approval of the commissioner does not *per se* establish the validity of a provision, *Insurance Co. of America v. Hippert*, 354 Pa.Super. 333, 511 A.2d 1365 (1986), *Brader v. Nationwide Mut. Ins. Co.*, 270 Pa.Super. 258, 411 A.2d 516 (1980), especially where, as here, the deviation from the standard results in an insurance policy less favorable to the insured.

I am also aware of the *Marshall* court's observation that "Pennsylvania's highest court has consistently viewed the provisions of the standard policy as a matter of contract and not of statute." *Marshall*, 643 F.2d at 153. However, in *Marshall* the insurance company was attempting to enforce the one-year limitations period included in 40 P.S. § 636(2)'s standard policy provisions, even though its insurance policy contained no limitations provision at all. The court refused to read the one-year limitations period into the policy, since the parties had not contracted for such a period. In *Marshall*, the policy's silence was beneficial to the insured, so that court was not confronted with the situation presented here, where the policy's variance with the standard policy makes the policy "less favorable" to the insured, in violation of § 753(A). In my view, the attempt at contractual reduction of the limitations period from three years to one does not pass statutory muster in this case, the essence of which is a casualty loss.

*Count 2: Bad Faith*

Defendant argues that plaintiffs' bad-faith claim is also barred by the one-year limitations provision of the insurance policy, since the bad-faith claim is essentially a claim on the policy itself. Since I have found that the one-year limitations provision is inapplicable to the particular damage which occurred in this case, that provision cannot bar any claims brought as a result of the water heater accident.

■ However, even had I found plaintiff's breach of contract claim to be barred by the limitations provision, the bad faith claim would still survive. Plaintiffs' claim

**642**

was brought under 42 Pa.C.S. § 8371, which creates a cause of action for bad faith on the part of insurance companies. The evolving jurisprudence in this district has held that § 8371 creates a separate and independent cause of action. *See, e.g., Thomson v. Prudential Property & Cas. Ins. Co.,* Civ. A. No. 91–4073, 1992 WL 210088 (E.D.Pa. Aug. 24, 1992); *Kauffman v. Aetna Cas. & Sur. Co.,* 794 F.Supp. 137 (E.D.Pa.1992); *Amissah v. William Penn Life Ins. Co.,* Civ. A. No. 91–2857, 1992 WL 122844 (E.D.Pa. May 28, 1992). With these decisions I agree. Thus, even if plaintiffs' breach of contract claim were barred by the policy's limitation provision, the § 8371 bad faith claim would survive, since it is independent of the underlying claim.

*Count 3: The Consumer Protection Law*

■ Defendant argues that plaintiff's claim under the Consumer Protection Law, 73 P.S. § 201–1 et seq., is barred by implication, since the Unfair Insurance Practices Act ("UIPA") provides an administrative penalty against insurers, but no private cause of action for an insured. I considered and rejected the same argument in *Henry v. State Farm Ins. Co.,* 788 F.Supp. 241 (E.D.Pa.1992), holding that the UIPA remedy is not the sole remedy available against insurers, and that an insured may bring an action against an insurer under the Consumer Protection Law. *See also, Pekular v. Eich,* 355 Pa.Super. 276, 513 A.2d 427 (1986), *appeal denied,* 516 Pa. 635, 533 A.2d 93 (1987). I remain convinced that my decision in *Henry* is correct and shall thus not dismiss Count 3 of plaintiffs' complaint.