## Abdelaziz v. Millville Mutual Insurance Company

*Emil M. Spadafore Jr.,* for plaintiff.
*John B. Brautigam,* for defendant.

VARDARO, *J.,* September 28, 1994—The plaintiffs filed a two count complaint in which they in Count I allege that the defendant insurance company improperly failed to pay a homeowner's claim they sustained for various water damage and damage to a heating system thereby breaching the insurance contract which they had entered into with the plaintiffs and secondly, that the defendant's actions constituted "bad faith" within the meaning of 42 Pa.C.S. §8371.

The defendant filed preliminary objections in the nature of a demurrer of the count alleging bad faith and in the nature of a motion to strike a portion of the ad damnum clause within that count to the extent it seeks punitive damages. The defendant has withdrawn its demurrer and this matter is now before the court strictly with respect to the defendant's motion to strike

the portion of the ad damnum clause for the "bad faith" count with respect to the request for punitive damages.

## DISCUSSION

The count in question regarding "bad faith" was properly brought as a separate count and cause of action pursuant to 42 Pa.C.S. §8371 which states:[1]

*"Section 8371. Actions on insurance policies*—In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(2) award punitive damages against the insurer.

"(3) assess the court costs and attorney's fees against the insurer."

The defendant essentially argues that the plaintiffs have not averred any conduct on the part of the defendant that would allow for the award of punitive damages even if everything pled by the plaintiffs is accepted as true and therefore the reference to punitive damages in the ad damnum clause should be stricken.

The "bad faith" statute is relatively new having become effective July 1, 1990 and has created a new cause of action in Pennsylvania. *Liberty Mutual Insurance Co. v. Paper Manufacturing Co.,* 753 F. Supp. 156, 158 (E.D. Pa. 1990). Previous to that section being enacted by the legislature, the Supreme Court of Pennsylvania declined to create a new cause of action in

1. *Margolies v. State Farm Fire and Casualty Co.,* 810 F. Supp. 637 (E.D. Pa. 1992).

Pennsylvania insurance law for "bad faith," *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.,* 494 Pa. 501, 431 A.2d 966 (1981), and apparently 42 Pa. C.S. §8371 was passed in response to the Supreme Court's suggestion to the legislature that they do so.

As is obvious in the language of the statute set forth above, once "bad faith" is proven, damages may be assessed in the nature of interest on the amount of the claim from the date of the claim in an amount equal to the prime rate of interest plus 3 percent; court costs and attorney's fees may be assessed against the insurer; and, finally punitive damages may be awarded against the insurer.

With respect to punitive damages, Pennsylvania courts have been clear in only allowing the imposition of such damages "to punish a tort-feasor for outrageous conduct and to deter him or others from similar conduct." *Kirkbride v. Lisbon Contractors Inc.,* 521 Pa. 97, 103, 555 A.2d 800, 803 (1989). Further, the Pennsylvania Supreme Court has set forth the following factors to be examined in determining whether punitive damages are appropriate:

"This court has embraced the guideline of section 908(2) of the Restatement (Second) of Torts regarding the imposition of punitive damages: 'punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. ...' Punitive damages must be based on conduct which is 'malicious, wanton, reckless, willful, or oppressive. ...'

"Further, one must look to 'the act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties. ...'

"The state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or

malicious." *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742, 747-48 (1984). (citations omitted)

Furthermore, in order to provide a basis for the award of punitive damages, the plaintiffs' complaint should aver and the plaintiffs should prove facts from which the trier of fact may find that the defendant acted outrageously and that such conduct evidenced reckless indifference to the plaintiffs. *Field v. Philadelphia Electric Co.,* 388 Pa. Super. 400, 565 A.2d 1170 (1989).

We find that, based on the plaintiffs' complaint in this matter, "punitive damages" have been adequately pled. The plaintiffs' complaint factually sets forth in detail why they believe the defendant should have paid their claim and in paragraph 23 of Count II (the "bad faith" count) the plaintiffs aver:

"[T]hat the defendant, Millville Mutual Insurance Company, acted in bad faith in failing to resolve this claim in a timely manner and has acted in an unreasonable manner in refusing to pay the plaintiffs' claim when Millville Mutual Insurance Company and/or their agent, knew or should have known, all of the facts supporting the plaintiffs' claim, at the time the property loss notice was filed on or about March 23, 1993."

By alleging "bad faith" within the context of 42 Pa.C.S. §8371, the plaintiffs are establishing a possible entitlement to punitive damages if "bad faith" is proven at the time of trial.

Federal courts have defined what "bad faith" means with respect to 42 Pa.C.S. §8371 in a manner which we find to be persuasive. Specifically, traditionally, "bad faith" in the insurance context:

"[I]s any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessarily that such refusal be fraudulent. For purposes of an action against insurer

for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.,* good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." *Coyne v. Allstate Insurance Co.,* 771 F. Supp. 673, 676 (E.D. Pa. 1991) (Ludwig, J.) (quoting Black's Law Dictionary, 139 (6th ed. 1990). Also see *Turner Construction v. First Indemnity of America,* 829 F. Supp. 752 (E.D. Pa. 1993).

Since plaintiffs are required to prove such egregious conduct on the part of the insurer in order to prove "bad faith," the complaint certainly adequately puts the defendant on notice that punitive damages as defined by the courts of Pennsylvania may arguably follow. There is nothing more that the plaintiffs need to plead.

Once the matter comes to trial, as the federal courts have recognized in reviewing Pennsylvania's "bad faith" statute, we have adequate protection to make sure that punitive damages are not awarded improperly even if there is a finding of "bad faith" by the trier of fact. The United States Supreme Court has recently, in reviewing Alabama's method of imposing punitive damages, approved a procedure similar to Pennsylvania's whereby the trial court is required to instruct the jury that the purpose of punitive damages is "not to compensate the plaintiff for any injury" but "to punish the defendant" and "for the added purpose of protecting the public by [deterring] the defendant and others from doing such wrong in the future." *Pacific Mutual Life Insurance Co. v. Cleopatra Haslip,* 499 U.S. 1, 111 S.Ct. 1032, 1043-44, 113 L.Ed.2d 1 (1991). Further, while the "bad faith" statute in Pennsylvania does confer significant discretion with respect to the determination of punitive damages on the trial court, that discretion is not unlimited and due process is satisfied as long

as the reasonable constraints required by Pennsylvania law are exercised. *Coyne, supra,* 771 F. Supp. at 680.

Finally, in imposing punitive damages as the United States Supreme Court recognized in the case of Alabama's law, Pennsylvania has appellate courts to "provide an additional check on the ... trial court's discretion." *Haslip, supra,* 111 S.Ct. at 1045. Also see *SHV Coal Inc. v. Continental Grain Co.,* 526 Pa. 489, 493, 587 A.2d 702, 705 (1991) and *Delahanty v. First Pennsylvania Bank, N.A.,* 318 Pa. Super. 90, 129, 464 A.2d 1243, 1263 (1983) (citing *International Electronics Co. v. N.S.T. Metal Products Co.,* 370 Pa. 213, 88 A.2d 40 (1952)).